## Hill, *ad.*, *v.* Fellows.

Defendant, in replevin, pleading property in himself, the burden of proof rests upon the plaintiff to show a right of action in himself.

Under the 44th section of the replevin act, the defendant, upon a finding in his favor, is entitled to a judgment for return of the property replevied; but under the 45th section, he may waive that right and take judgment for the value of the property, and in such case it is the duty of the jury to find its value, for which the judgment is given in damages.

The waiver of the right to have a return of the property need not appear of record—the acceptance of a verdict for its value is, in effect, an election by the defendant.

It is a settled rule of this court that, upon a question of preponderance of evidence, the verdict of a jury will not be set aside.

*Appeal from Ouachita Circuit Court.*

Hon. C. THROWER, Special Judge.

BROWN & CARLETON, GARLAND & NASH, for appellant.

There was no fraud in the contract in this case; the contract between the plaintiff and Chase was a *bona fide* contract; the

plaintiff advanced the money to purchase the articles replevied, and which were sold under an execution against Chase, who was in fact the owner of the property; on a·verdict for the defendant the judgment should have been for a return of the 'property and damages for the detention, so that the plaintiff might have relieved himself by a return of the property; an election by the defendant, on a verdict in his favor, to have judgment for the value of the property, instead of its return, must appear of record.

ENGLISH & WILSHIRE, for appellee.

The verdict and judgment are, in legal effect, correct.

The defendant, in replevin, where the property has been delivered to the plaintiff, has the right to elect, on the trial, to take a verdict for the value of the property, instead of a return of it; and, on making this election, the jury ascertain and render a verdict in his favor for its value; the form of the verdict may well be in damages, as the action is *ex delicto.* *Gould's Dig.*, *ch. 145*, *sec. 45.* It is not necessary that the election of the defendant to take judgment for the value of the property, instead of its return, be entered of record—his acceptance of the verdict for the value is sufficient.

WALKER, C. J.

This is an action of replevin, brought in the Ouachita circuit court, by James D. Hill, against Daniel W. Fellows, for various articles of merchandise, used for carriage making.

After the commencement of the action James D. Hill died, and the suit was revived in the name of the present plaintiff, Andrew J. Hill, his administrator. The defendant plead property in himself, upon which issue was taken, and the cause submitted to a jury, who, after having heard the evidence, returned a verdict for the defendant, and assessed his damages at $1,800. The plaintiff moved for a new trial, which was over-

ruled, and final judgment was rendered in favor of the defendant, from which the plaintiff appealed.

It has not been our misfortune to encounter a more confused and imperfect record than this. Taking it altogether, we may, however, find enough to enable us to decide the very few questions presented for our consideration.

There is no question of law, upon the main point argued by counsel, open for the consideration of the court. No exceptions were taken to the evidence, nor to the instructions given by the court (if, indeed, any were given). The question contested was one of fact. The defendant had pleaded property in himself. The plaintiff, in order to recover, should show that the property was his. This was a question of fact, submitted to the jury upon the evidence adduced. The only additional question before them was the value of the property, or amount of damages, and about this there was no contest. Upon a careful review of the testimony, we are satisfied that there was evidence strongly conducing to prove that the contract, under which Hill claimed to hold the property, was fraudulent and void, intended and contrived to hinder and prevent the creditors of Chase & Bro. from reaching the property. Whether, from the weight of the evidence, such was the case, is not for us to determine. It is a settled rule of this court that, upon a mere question of preponderance of evidence, the verdict of a jury will not be set aside.

As regards the assignment of error, which questions the sufficiency of the verdict, it is true, as contended by the appellant's counsel, that the defendant, under the 44th section of the replevin act, would have been entitled to a return of the property, if such had been his wish; but under the 45th section, *Dig.*, *909*, he may waive that right, and take judgment for the value of the property replevied out of his possession; and in such case it is the duty of the jury to find the value of the property replevied, and the judgment is alone for the value of the property in damages.

In this case, no formal waiver of right is noted upon the

record, without which it is contended, for the appellant, that it was irregular to have rendered such verdict. In this we think counsel are mistaken. It was a matter of discretion and privilege conferred upon the defendant to have judgment for the property, or the value thereof, in the alternative; or, under section 45, to take a verdict and judgment for the value of the property. The very fact that the defendant has accepted such a verdict is, of itself, in substance and effect, an election, which is, after all, a matter with which the plaintiff has nothing to do. It is such a verdict as the law authorizes to be rendered against him. The verdict was for the sum of $1,800, a sum less than that which the goods replevied were proven to be worth. Of this the defendant does not complain; and surely the plaintiff has no cause to complain.

In view of the several provisions of the statute, and the rights of the defendant under them, we think the verdict is sufficient.

Judgment affirmed.