JOHNSON V. PENNELL ET AL.

1. **Evidence**: PAYEE OF NOTE AND MORTGAGE: PAROL TO CONTRADICT JUDGMENT. Where a note and mortgage were put into judgment, but the judgment was silent as to the original payee of the note and mortgage, parol evidence that they were originally made to one not the judgment plaintiff was not a contradiction of the judgment record, and was properly admitted in this case.

2. ——: ACTION TO SET ASIDE CONVEYANCE AS FRAUDULENT: WHAT ADMISSIBLE UNDER GENERAL DENIAL. Where it was sought to set aside a conveyance as fraudulent, and the answer was only a general denial, evidence which tended to prove that defendant acquired title to the premises under the foreclosure of a valid mortgage given to a third party for a valuable consideration, the title to which he (defendant) acquired by lawful means, was admissible, without any special plea of such facts, because it tended to negative allegations which plaintiff was bound to prove. Such facts did not constitute a special defense. Compare Code, § § 2704, 2718.

3. **Fraudulent Conveyance**: INSUFFICIENT EVIDENCE. The evidence in this case *held* insufficient to set aside a title to land on the ground that it was held in fraud of creditors.

*Appeal from Clarke District Court.*

MONDAY, DECEMBER 14.

PLAINTIFF is the owner of a judgment for $1,352.98 and costs, obtained by the First National Bank of Osceola against the defendants Edson Pennell and C. G. Pennell. He brought this action to subject certain real estate, the title to which is alleged to be in defendant Charles R. Simmons, to the payment of said judgment, on the ground, as is alleged, that the Pennells are the actual owners of the property, and that the title thereto is held by Simmons in trust for them, and is so held for the purpose of fraudulently covering the property and preventing its appropriation for the payment of the debts of the Pennells. The district court dismissed the petition. Plaintiffs appeal.

*W. M. Wilson*, for appellant.

*M. L. Temple*, for appellees.

REED, J.—It is alleged in the petition that the Pennells were the owners of a large quantity of lands in Clarke county, the title to which was held by themselves, and that, being involved in debt, they entered into a corrupt agreement with Simmons, by which they agreed to execute to him a sham mortgage on the premises; and that, in pursuance of this agreement, they did execute and deliver to him a mortgage thereon, but that the same was made without any consideration, and was received by Simmons solely for the purpose of hindering and delaying the creditors of the Pennells in the collection of their debts; and that he (Simmons) subsequently instituted a suit for the foreclosure of said mortgage, and obtained judgment foreclosing the same, and an order for the sale of the mortgaged premises on special execution; that such execution was subsequently issued on said judgment, and the

premises were offered for sale thereon, and were bid in by Simmons at the amount of the judgment and costs, and the execution was returned satisfied, and after the expiration of the year for redemption a sheriff's deed was executed to Simmons, conveying the premises to him. The answer of the defendants is a general denial of all the allegations of the petition.

I. Plaintiff introduced in evidence a deed from John M. Gregg, conveying the land in question to defendant C. G. Pennell, also a record of the judgment rendered in the circuit court in an action wherein the defendant Charles R. Simmons was plaintiff and C. G. Pennell and Charles E. L. Wilder were defendants. By this decree the plaintiff therein recovered judgment against C. G. Pennell for $4,222.20, and the costs of the action. It also foreclosed a mortgage on the premises in question given to secure the indebtedness, and establishes the same as a superior lien on said premises to the lien or interest therein of the defendant Wilder. He also introduced the judgment docket, the sale-book and a sheriff's deed, showing the issuance of a special execution on said judgment, a sale of the property thereunder to Simmons, and a subsequent conveyance of it to him by the sheriff. Neither the note or mortgage on which the judgment was rendered, nor the pleadings in the case, were introduced in evidence, and there is nothing in the recitals of the judgment indicating to whom the note and mortgage were originally executed. Plaintiff proved that no mortgage from Pennell to Simmons was recorded in the office of the recorder of deeds of the county. He also introduced evidence tending to prove that Simmons' circumstances were such that it is impossible that he should have advanced to Pennell the amount of money for which the judgment was rendered. Simmons introduced evidence which tends to prove that the note and mortgage on which the judgment was rendered were given by Pennell to Gregg to secure a portion of the purchase price of the land, and that they

*1. EVIDENCE: payee of note and mortgage: parol to contradict judgment.*

were subsequently purchased of Gregg by Simmons' mother, who gave them to him. Plaintiff objected to the introduction of this evidence on the grounds of incompetency and irrelevancy, and counsel insists on these objections in this court. He contends that the evidence is incompetent because it tends to contradict the record of the judgment, his position being that the record is conclusive evidence that the judgment was rendered on a note and mortgage given by Pennell to Simmons. But, as is stated above, the record is silent on the question as to who was the payee of the note. It therefore proves nothing, except that Simmons at the time of its rendition held the title to the note and mortgage on which it was rendered. The evidence objected to, then, has no tendency to contradict the record. It simply tends to prove a fact which is not shown by the judgment record, viz., the identity of the note and mortgage upon which the judgment was rendered; and we think it competent for that purpose.

It is next contended that the evidence is not relevant to any issue made by the pleadings. As stated above, the answer was a mere denial of the allegations of the petition. No affirmative defense was pleaded, and appellant's position is that the facts which the evidence tends to prove would, if proven, constitute a special defense to plaintiff's claim, and that, under the provisions of section 2718 of the Code, they cannot be given in evidence without having been specially pleaded. We think, however, that the evidence does not tend to establish a special defense, but that it tends rather to disprove the facts which, under the issue, plaintiff was bound to prove. Plaintiff's allegation is that defendant Simmons obtained the title to the land by purchase at sheriff's sale under the foreclosure of a mortgage which Pennell had given to him, and that this mortgage was given without consideration, in pursuance of a corrupt agreement between the parties thereby to cover the property and place it beyond the reach of Pennell's creditors. Under the issue, he was bound

2. ———: action to set aside conveyance as fraudulent: what admissible under general denial.

to establish these facts. He introduced evidence which tends to prove them, and which he claims is sufficient, if uncontradicted, to establish them. The evidence objected to certainly tends to disprove the facts which plaintiff was required to establish. It tends to prove that defendant acquired title to the premises under the foreclosure of a valid mortgage given to a third party for a valuable consideration, the title to which he acquired by lawful means.

It is provided by section 2704 of the Code that " under a denial of an allegation no evidence shall be introduced which does not tend to negative some fact the party making the controverted allegation is bound to prove." We think the evidence is admissible under this rule. It is insisted, however, that defendant's answer is a denial that he has title to the premises, while the evidence tends to prove that he holds it by a valid title, and that it is irrelevant for that reason. When fairly considered, however, the answer amounts to no more than a denial by defendant that he acquired the title in the manner and by the means charged in the petition.

II. We come now to the merits of the controversy. The evidence shows, without any doubt, that the mortgage, which

3. FRAUDU-
LENT convey-
ance : insuffi-
cient evi-
dence.

was foreclosed by the judgment of the circuit court in the case of *Simmons v. C. G. Pennell and Wilder*, was given by Pennell to Gregg to secure a portion of the purchase price of the land which was sold by Gregg to Pennell. It is also proven by the testimony of Gregg, who is a disinterested and creditable witness, that Mrs. Simmons, the mother of defendant, after the maturity of the note paid him the amount then due thereon, and that he indorsed the note and delivered it and the mortgage to her, and that no portion of the debt evidenced by the note was ever paid to him by Pennell. It is apparent, therefore, that plaintiff must establish, before he can recover, either that Mrs. Simmons in the transaction with Gregg was acting as the agent of Pennell, and that the money she paid to Gregg belonged to Pennell, or that Pennell had paid the debt evi-

denced by the note since its transfer by Gregg to Mrs. Simmons. We do not deem it necessary to set out in this opinion the evidence relied on by plaintiff. It is sufficient to say that, in our judgment, it entirely fails to establish either of said facts.

We think, therefore, the case was rightly determined by the district court, and the judgment will be

AFFIRMED.