### J. H. HOPKINS v. CATHERINE DIPERT.

(Filed July 17, 1902.)

1. **CONVERSION—General Denial Puts in Issue Question of Ownership.** In an action to recover the value of personal property, a general denial puts in issue the plaintiff's allegation of ownership.

2. **DEMURRER—Sustained, When.** In such a case, an answer attempting to set up a defence by way of a second count, which admits the taking of the property, and alleges that it was taken under a chattel mortgage given by the husband of the plaintiff, and that the husband of the plaintiff was the owner of the property, does not state a defense, and a demurrer thereto was properly sustained.

3. **SAME—Verdict—What It Should State.** A verdict in such a case, after the formal parts, including the title of the case, and showing that the jury was empaneled and sworn, should contain nothing more than a finding of the issues for the plaintiff, and an assessment of the amount of recovery.

4. **ORAL INSTRUCTIONS—When not Error to Give.** It is not error for the court to give oral instructions in civil cases, to the jury, when written instructions are not asked for by either party.

(Syllabus by the court.)

*Error from the District Court of Woodward County; before John H. Burford, Trial Judge.*

*Charles Swindall,* for plaintiff in error.

*J. R. Deane* and *S. B. Laune,* for defendant in error.

### STATEMENT OF FACTS.

Action to recover the value of five cows and three calves, alleged to be of the value of $289. Trial by jury, and verdict for plaintiff for $145, and judgment on verdict for that amount. Motion for new trial was overruled, and the case is brought to this court for review.

Opinion of the court by

PANCOAST, J.: The first error complained of in the record in this case is, that the court sustained a demurrer to the second defense set up in the answer of the defendant. The petition alleges that the plaintiff was the owner and in possession of certain cows and calves, describing them; that the defendant wrongfully took the goods and cattle described, and unlawfully converted them to his own use, to the damage of the plaintiff in the sum of $289; and that the plaintiff demanded return of the property, which was refused. The prayer was for judgment for the amount of the damages, the value of the cattle, with interest at seven per cent.

To this petition an answer was filed, containing, first, a general denial, and for a second defense the defendant admitted that he had sold the five head of cows and three calves described in the petition, and alleged that they had been taken by him to satisfy a certain chattel mortgage and note executed by Samuel Dipert, the husband of the plaintiff, and that the defendant had afterwards surrendered a certain note to the husband of the plaintiff, and released the mortgage given to secure the same, and had delivered to the plaintiff certain stock that remained unsold, upon an agreement not to make any further costs, and to waive all right and title that she formerly claimed in the cattle.

A very casual reading of the pleadings will show that every fact that could have been proven under the second

alleged defense could have been proven under the general denial, and therefore the alleged second defense was mere surplusage, and, taken alone, did not constitute a defense to the cause of action set forth in the petition. When a general denial is sufficient to entitle a party to make a complete defense to an action, it is not good practice to attempt to set up a state of facts or defense by way of a second count which can be proven under the general denial. And unless such second defense does contain averments of facts which cannot be proven under the general denial, and which amount to a defense, it does not state facts sufficient to constitute a defense to the action, and a demurrer thereto should be sustained.

The allegation in the second count of the answer that Samuel Dipert was the owner of the cattle was not necessary, as the denial of the plaintiff's ownership would allow the defendant to prove the ownership of any other person. Before the plaintiff could recover under her petition, she must prove that she was the owner of the property, and the defendant, in order to show that she was not the owner, might show that some one else was the owner.

The contention that the court erred in its instruction given upon the value of the property taken, if the plaintiff was found to recover, is without any merit whatever. The instruction upon this proposition was brief and to the point, and was that if the jury found that the plaintiff was the owner of the property, and that the same was unlawfully taken from her, then that the jury should return a verdict for the plaintiff and "fix the amount of her recovery at the reasonable market value of the cows and calves at the time." There can be no question but that this is the correct rule. The value of the property at the time it was taken is the only rule in such cases. Under our statute, there are other rules laid down in addition

to this one, but the first rule laid down by the statute is followed here. There are cases in which the party would not only be entitled to recover the market value of the property taken, but would be entitled to recover the highest market value at any time between the time of the conversion and the verdict, and also compensation for time and money properly expended in pursuit of the property. This was not a case, however, in which the last two rules named would apply.

Counsel also seem to think that the form of the verdict in this case was not correct, because it does not state whether the damages assessed were for the market value of the cattle at the time they were taken, or for the highest market value of the property at any time between the time of the taking and the rendition of the verdict. In no case should the verdict contain any such statement, no matter what rule of damages is applied, and no matter what the evidence might be in the case. The verdict should, beyond the formal part, contain nothing more than the finding for the plaintiff, and the amount of the recovery.

Nor does the record show the verdict to be excessive in this case. The amount of the recovery was fixed at $145, while the amount claimed was $289. There was ample evidence upon which to base a verdict for this amount, and the value of the property was a question for the jury exclusively.

The next assignment of error is that the court gave oral instructions to the jury. We think that counsel make this assignment under a misapprehension of the provisions of the statute on the question of instructions to juries. The fifth subdivision of section 287 of the Code of Civil Procedure provides that:

"When the evidence is concluded, and either party desires special instructions to be given to the jury, such instruc-

tions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writing, and be numbered, and signed by the judge, if required by either party."

This section does not require the general instructions to be in writing, unless it is demanded by one of the parties to the case. In other words, either party, in the trial of a case, may require the instructions to be in writing, and, if so required at the proper time, the court is then in duty bound to reduce the instructions to writing, and number and sign them. There is nothing in this case to indicate that any demand was made upon the court to reduce his instructions to writing, either the general instructions, or the explanatory instruction given when the jury returned into court. It is true that an exception was saved to each and every instruction, and the record shows that each instruction given by the court was signed, and noted as given. The record containing no demand for written instructions, there was no error in giving the instructions orally. This concludes all the assignments of error.

We see no error in the proceedings of the court below, and the judgment must therefore be affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.