FIRST NATIONAL BANK OF SALLISAW V. BARBOUR.

No. 713, Ind. T.    Opinion Filed May 15, 1908.

(95 Pac. 790.)

REPLEVIN—Pleading—Answer—Specific Denial.    Under the practice and procedure act of the state of Arkansas in force in the Indian Territory prior to statehood, all that was necessary, in order to enable the defendant in replevin to prove any defense he may have had, was to deny specifically all the allegations of the plaintiff's complaint.

(Syllabus by the Court.)

*Error from the United States Court for the Central District of the Indian Territory, at Poteau; William H. H. Clayton, Judge.*

Action in replevin by the First National Bank of Sallisaw against D. P. Barbour. Judgment for defendant, and plaintiff appeals. Affirmed.

*Fowler & Bolger* and *Malcolm E. Rosser,* for appellant.

*Day & Buckley,* for appellee..

KANE, J.    This was an action in replevin brought by the appellant, plaintiff below, against appellee, defendant' below, to recover possession of certain personal property for the purpose of selling the same under a power of sale contained in a chattel mortgage executed by the defendant to the plaintiff. The complaint and affidavit in replevin were in the usual form.

.    The answer, after specifically denying every material allegation of the complaint, proceeds as follows:                    .

"Defendant admits that he executed to plaintiff a mortgage November 1, 1902, as security for a note of even date therewith for $320, but defendant alleges that he has paid said note in full, thereby releasing said mortgage. Defendant further alleges that said note was executed for money borrowed from said plaintiff, and that said plaintiff charged and collected thereon a usurious rate of interest, to-wit, $190 for two years, which said amount is more than by law permitted to be charged. Defendant, therefore, alleges that said mortgage has been discharged by reason of the payment of the indebtedness secured thereby; and second, for the reason of said taking of usurious interest."

A demurrer to the plea of usury was sustained, and that part of the answer cuts no further figure in the case.

At the trial, which was to a jury, the plaintiff introduced in evidence two promissory notes, one executed by the appellee individually, and one executed by him as surety for Allen Bell, and the chattel mortgage under which it claimed right of possession, and rested. The defendant introduced evidence tending to prove that before the commencement of this cause he had paid his individual note in the following manner: That he had given the plaintiff certain collateral notes to secure the payment of said personal note, and he had instructed the makers of the notes given as collateral to pay them at the First National Bank of Sallisaw, the appellant, and to tell the bank to apply the payments so made on his (the appellee's) personal note. Several of the makers of notes given as collateral testified that they paid their notes as instructed by the appellee, and informed the bank as to the application of such payments. There was further evidence

to the effect that the bank, instead of following the instructions given in relation to applying payments on the personal note of appellee, applied the amounts paid on the collateral on the Bell note, on which he was surety. Appellee also testified that he was not to pay the Allen Bell note; that when Bell ran off in debt to the bank, the appellee was about to attach his property, as Bell owed him $401; that defendant, appellee, was about to get out an attachment, and so informed Mr. Sullivan, who had been cashier of the plaintiff bank, and that Mr. Sullivan advised him not to do it, because it would complicate matters, and that afterwards defendant had a talk with Mr. Hines, cashier of the bank, and told him that he intended to attach Bell, and that Mr. Hines told defendant if he did that the whole thing would be thrown into bankruptcy; that each one would receive a *pro rata* part, and that the bank would not get all of its debt, and that defendant would not get all of his debt; that Mr. Hines told defendant that if he would not bring attachment suit he would release defendant from the Allen Bell note for $350, which he signed as surety, and that defendant then agreed not to attach, and did not bring any attachment suit, and that he never after considered that he owed the Bell note. The terms of the mortgage were broad enough to secure payment of both notes, and the payments made by the makers of the collateral notes, if applied on the personal note, would extinguish it; but the Allen Bell note would still remain unpaid, unless evidence was admissible, under the state of the pleadings, showing that the appellee had been absolved from its payment in the manner above set out.

After hearing the evidence the jury returned a verdict for the defendant, upon which judgment was duly entered. The appellant assigns eight reasons why it believes the judgment of the court below should be reversed. They may all, however, be epitomized in two, which may be briefly stated as follows: First. That under the state of the pleadings it was error to admit the evidence concerning the Bell note. Second. That there was not sufficient proof to justify the verdict.

. In support of its first contention counsel cites the third paragraph of section 5033, Mansf. Dig. (Ind. T. Ann. St. 1899, § 3238), which reads: "The answer shall contain a statement, of any new matter constituting a defense, counterclaim or setoff, in ordinary and concise language, without repetition"—and insists a proper construction of this provision makes the admission of the evidence complained of erroneous. We believe that all the evidence introduced was properly admissible, under the specific denial of the answer, without any further pleading. Mr. Cobbey, in his work on Replevin (section 755), states the rule thus:

"In replevin all that is necessary, in order to enable defendant to prove any defense which he may have, is to deny all the allegations of the plaintiff's petition."

In the same volume (section 751) is the following:

"A general denial puts in issue every material allegation of the petition, and under it the defendant may give evidence of any special matter which amounts to a defense to the plaintiff's cause of action, as fraud in plaintiff's title, or possession as an officer under a writ by defendant."

And, again, the same work (section 1001):

"In an action of replevin, any fact, which tends directly to disprove the right of possession in the plaintiff, may be shown under a general denial."

The second paragraph of section 4298, Wilson's Rev. & Ann. St. 1903, is practically the same as section 5033, Mansf. Dig. (Ind. T. Ann. St. 1899, §3238), cited by counsel for appellant. The Oklahoma statute reads:

"The answer shall contain a statement of any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

Burford, C. J., in *Payne v. McCormick Harvesting Machine Company*, 11 Okla. 318, 66 Pac. 287, in passing upon a question similar to the one now before us, says:

"Under the general denial in replevin the defendant may

make any defense, which will defeat the plaintiff's claim or right to possession as against the defendant, and under the Code great liberality is allowed to such defense."

Mr. Chief Justice Burford, further discussing the question, says:

"Under our Code the gist of the action of replevin is the wrongful detention by the defendant as against the plaintiff, and under a general denial the defendant may prove anything that will tend to show that he does not wrongfully detain the property as against the plaintiff. He may show that he does not wrongfully detain it, by showing that he rightfully detains it, or by showing that the plaintiff has no right to the possession. Great liberality is allowed the defense under the general denial."

In citing the foregoing authorities we are not unmindful that under the Code of Civil Procedure of Arkansas, which was in force in the Indian Territory at the time the pleadings were filed in this case, a "general denial" was not provided for, and would not have been sufficient to traverse the allegations of the complaint. But in this case the answer was drawn in accordance with the laws of Arkansas, and specifically denied every allegation of the complaint. This being so, the specific denial undoubtedly performed the same function in this case as a general denial does in like cases in states where such denials are provided for. It is difficult to understand, if under a general denial in such states the rule is: "In replevin all that is necessary, in order to enable defendant to prove any defense he may have, is to deny all the allegations in plaintiff's petition"—why the same rule is not applicable in Indian Territory, where a specific denial was necessary, and one was filed that put in issue each and every allegation of the complaint. There is no reason for a different rule merely because the statutes are dissimilar in the above particulars. The question in replevin is the right to possession of specific personal property, and under a pleading, whether general or specific, that puts in issue each and every allegation of the complaint and denies the right to possession of the plaintiff, any

evidence that tends to show the right of possession in another for the purpose of defeating recovery should be admissible. We are therefore of the opinion that, under the practice and procedure act of the state of Arkansas in force in the Indian Territory prior to statehood, all that was necessary, in order to enable the defendant in replevin to prove any defense he may have had, was to deny specifically all the allegations of the plaintiff's complaint. Neither the Court of Appeals of Indian Territory nor the Supreme Court of Arkansas have passed squarely upon the question here involved, so we are at liberty to adopt the rule best supported by reason and authority, and also in harmony with the rule as we found it established by the Supreme Court of the Territory of Oklahoma prior to our admission as a state.

The cases cited by learned counsel for appellant, to the effect that payment and other matter going to defeat the notes was new matter, which should come from the defendant and be pleaded in order to make it admissible, are not in point in a case of this kind. This rule prevails in all the Code states with which we are familiar. Payment, accord, and satisfaction, and other such defenses to suits on promissory notes, suits on account and kindred cases, cannot be proved under a general denial in the other Code states any more than they can in Arkansas; yet such defenses may be proved in replevin cases, where the gist of the action is merely the right to possession of personal property, upon an answer which puts in issue all the material allegations of the complaint.

On the second ground of complaint we are convinced that the verdict of the jury is sufficiently supported by the evidence. If there is any evidence reasonably tending to support the verdict of a jury, the court will not disturb it. In this case the facts were all before the jury under proper instructions, and they found in favor of the defendant.

"It is a settled rule of this court, that, upon a question of

preponderance of evidence, the verdict of a jury will not be set aside." (*Hill v. Fellows*, 25 Ark. 11.)

Let the judgment of the lower court be affirmed.

All the Justices concur.