MANNING, *Adm.,* v. MAYTUBBY.

No. 3486. Opinion Filed June 23, 1914.

(141 Pac. 781.)

1. **TROVER AND CONVERSION—General Denial—Evidence—Gift Inter Vivos.** In an action of conversion, any evidence is admissible under a general denial which tends to disprove the allegations of plaintiff's petition, and it is not necessary, under section 5634, Comp. Laws 1909 (Rev. Laws 1910, sec. 4745), to specially plead that the property alleged to have been converted was given to defendant during the lifetime of the deceased, as said gift tends to disprove a conversion.

2. **EVIDENCE — Witnesses — Admissibility — Transactions with Deceased.** Evidence examined, and its admission held not to be prejudicial error.

3. **GIFTS—"Gift Inter Vivos"—Requisites.** A "gift inter vivos" of real and personal property is complete when there is an intention to give, accompanied by a delivery of the thing given, and an acceptance by the donee.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Bryan County;*
*A. H. Ferguson, Judge.*

Action by A. F. Manning, special administrator of the estate of Peter Maytubby, deceased, against Tabitha Maytubby. Judgment for defendant, and plaintiff brings error. Affirmed.

*McPherren & Cochran,* for plaintiff in error.

*Sol J. Homer,* for defendant in error.

Opinion by RITTENHOUSE, C. This is an action of conversion praying for judgment in the sum of $10,000 on the first count and $2,250 on the second count. The petition alleges that Peter Maytubby died, in what is now Atoka county, Okla., on the 1st day of May, 1907, leaving an estate valued at $20,000, consisting of land, money, and other personal property; that Tabitha Maytubby (Mrs. Peter Maytubby), defendant, was appointed administratrix of the estate, and on the 23d day of July, 1908, her letters were revoked, and afterwards the plaintiff was appointed special administrator of said estate, and instituted this suit asking for judgment in the sum of $10,000 on the first count, on the ground that the said defendant held for Peter Maytubby the sum of $6,093.86, being on deposit in her name in the State National Bank of Denison, Tex.; $1,500 in her name in the National Bank of Denison, Tex., and the balance of said $10,000 in her name in the Choctaw National Bank and Caddo National Bank, both of Caddo, Ind. T., now Oklahoma; that said money remained the property of the said Peter Maytubby at the time of his death; that the defendant refused to inventory said money as a part of the estate and withdrew said deposits and converted same to her own use. The second count alleges that Peter Maytubby while residing at Tishomingo, Ind. T., caused to be built upon the east half of the north 19.34 acres of lot 1, section 4, township 4 south, range 6 east, a certain dwelling house, in which the said Peter Maytubby and family would reside at times, but which was not the homestead of the family; that said land was a portion of the allotment of J. S. Maytubby, a Chickasaw Indian; that no deed was executed to Peter Maytubby, although the purchase price had been paid by the said Peter Maytubby; that after the appointment of Tabitha Maytubby (Mrs. Peter Maytubby) as administratrix, she caused J. S. Maytubby to sell the said land to John J. and Lovie Stobaugh for $2,250, and that she converted said money to her own

use. To this petition was filed a general denial to each count. No affirmative or special defense was pleaded.

The defendant offered in evidence, as a defense to the allegation of a wrongful conversion contained in plaintiff's petition, that she was the absolute owner of said real and personal property by gift *inter vivos* from Peter Maytubby. There is nothing in the record which would indicate that creditors were interested in the litigation, but the controversy seems to be between the widow and a stepson. The plaintiff contends that the plea of a gift *inter vivos* as a defense in an action of conversion is a special defense under section 5364, Comp. Laws 1909 (Rev. Laws 1910, sec. 4745), and must be specially pleaded. We cannot agree with this contention. The evidence showing a gift tends to disprove the allegation of a conversion, which allegation is the gist of plaintiff's action, and one that plaintiff was required to prove. If defendant was the owner of the property alleged to have been converted, her ownership could be proven under a general denial. It was held in *Hopkins v. Dipert*, 11 Okla. 630, 69 Pac. 883, that in an action of conversion the denial of plaintiff's ownership would allow the defendant to prove the ownership in any other person, and that before the plaintiff could recover under her petition, she must prove that she was the owner of the property, and the defendant, in order to show that she was not the owner, might show that some one else was the owner. See, also, *McGrew v. Armstrong*, 5 Kan. 284; *Bridges v. Paige*, 13 Cal. 640; *Jones v. Fruin*, 26 Neb. 76, 42 N. W. 283; *Johnson v. Pennell et al.*, 67 Iowa, 669, 25 N. W. 874; *Griffin, Receiver, v. Long Island Railroad Co.*, 101 N. Y. 348, 4 N. E. 740; Bliss on Code Pleading (3d Ed.) sec 325 *et seq.*

The next assignment of error is that the court erred in admitting the pass books of the several banks in evidence without identification by the party making the entries. The evidence shows that Jesse Maytubby was present when the bank books were delivered by Peter Maytubby to the defendant, and he testified to such delivery and identified the general character of the

bank books, showing at the time that he was engaged in the banking business and qualified to testify as to the nature and character of the bank books delivered. The plaintiff alleged in his petition the name and address of each bank in which there was a deposit, the amount of the deposit, and that the deposits were made in the name of Mrs. Peter Maytubby, and these allegations were not in controversy at the trial. The only purpose, therefore, for which the bank books were introduced was to show possession on the part of the defendant, and they were properly admitted in evidence for that purpose. It is further contended by the plaintiff in error under this assignment that to allow the defendant to testify that she had these bank books in her possession for a certain period of time was a violation of section 5841, Comp. Laws 1909 (Rev. Laws 1910, sec. 5049), for the reason that said testimony indirectly related to transactions and communications had personally by the defendant with a deceased person, which was prohibited by said section. The testimony as to the length of time of possession does not come within the prohibition of this section, nor are the authorities cited in point. The deposits were in the name of the defendant, and she had a right to testify as to the length of time she was in possession of said bank books, after having shown by Jesse Maytubby the delivery of the same by the deceased, and such testimony was not in respect to a transaction or communication had with a deceased person directly or indirectly.

We come now to the main question in this action, and that is whether under the evidence the defendant has proven a gift of the real and personal property alleged to have been converted. That a gift *inter vivos* of real and personal property can be made has been decided in the case of *Farrell v. Puthoff*, 13 Okla. 159, 74 Pac. 96. See, also, *Apache State Bank v. Daniels*, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914 A, 510, and cases cited. A gift *inter vivos* is complete when there is an intention to give accompanied by the delivery of the thing given and an acceptance by the donee. In this case the evidence shows that the $10,000 was deposited in the name of Mrs. Peter Maytubby by her husband, Peter Maytubby, and

the bank books delivered to and accepted by her. Witness Jesse Maytubby testified to certain declarations of Peter Maytubby, showing an intention on the part of Peter Maytubby to make a gift of his property to his wife, and that after this conversation the deposits were made and the bank books delivered. Plaintiff further testified that she had kept possession of said bank books from the year 1905 to the date of the trial. The testimony relating to the gift of real estate is equally as strong as that of the deposits, the evidence showing that the deceased purchased the property for his wife and ordered the deed made in her name, and that afterwards she went into possession of said premises, and that valuable improvements were made. While the evidence supporting this judgment is not strong, yet the fact of a gift need not be positively proven; it may be inferred from circumstances; and, as the question of a gift *inter vivos* was submitted to the jury, and a verdict rendered in favor of defendant, upon an examination of the whole record we are convinced that there is testimony reasonably tending to support the verdict of the jury, and the cause should therefore be affirmed.

By the Court: It is so ordered.