## CLARK v. WHITEUS.

No. 8856—Opinion Filed April 30, 1918.

(171 Pac. 746.)

### 1. Conversion—Purchase from One Without Title—Notice.

Where one purchases chattels from one in possession, but without title or authority from the owner to sell, and sells them again, he is liable in damages to the owner for conversion, notwithstanding he has no notice or knowledge of the true owner's rights.

### 2. Conversion—Demand—Necessity.

In an action for wrongful conversion, where the defendant by disposing of the property or otherwise has rendered a demand useless, a demand is not a necessary prerequisite to the institution of the action.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by C. B. Whiteus against Frank Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

Giddings & Giddings, for plaintiff in error.

Twyford & Smith, for defendant in error.

Opinion by PRYOR, C. This action was commenced in the district court of Oklahoma county, by the defendant in error, C. B. Whiteus, against the plaintiff in error, Frank Clark, for the recovery of damages for the wrongful conversion of a certain team of mules. The parties will be referred to here as they appeared in the trial court. This case was tried to the judge without the aid of a jury, and there was judgment for the plaintiff for $313, the reasonable value of the mules at the time of their conversion. The essential facts in this case are undisputed and are that in the first part of the month of November, 1915, the plaintiff was the owner of the mules in controversy; that the mules were stolen from the home of plaintiff near Drumright, Okla., and were by the thief sold to the defendant within a few days after the theft. The defendant paid $300 for said mules, and, within an hour from the purchase thereof from the thief, sold the same to Davis & Younger. Davis & Younger exported said mules. The defendant had no notice or knowledge that the mules were stolen.

The only question involved is a question of law, as to whether or not the defendant, who purchased the mules in question and sold the same without any knowledge of the plaintiff's ownership, is answerable to the plaintiff in damages for the wrongful conversion of said mules.

"A wrongful sale of the chattels of another, coupled with a delivery of possession, is universally recognized as such an exercise of dominion over the chattels as to constitute a conversion by the seller. In such case it is immaterial that the seller makes the sale under the belief that the property is his own and in ignorance of the true owner's rights, and no demand is necessary before institution of suit." 28 Am. & Eng. Enc. of Law (2d Ed.) 696.

"One who, though acting in good faith, purchases a chattel from a person in pos-

session, but without title or authority or in-dicia of authority from the true owner to sell, acquires, as against the true owner, no title, and the latter may maintain trover for its conversion; and if a person purchases chattels from one in possession, but without title or authority from the owner to sell, and sells them again, or otherwise actually converts them to his own use, as by refusing to return them to the owner on demand, he is unquestionably liable for conversion, though at the time of the purchase he was unaware of the rights of the true owner." 28 Am. & Eng. Enc. of Law (2d Ed.) 702.

See 38 Cyc. 2023-2024.

In Velsian v. Lewis, 15 Or. 539, 16 Pac. 631, 3 Am. St. Rep. 184, the court said:

"At first blush it may seem strange that one who takes possession of goods or chattels under a contract of purchase, from one who had no right to sell, should be treated as a wrongdoer, but the explanation of the principle lies in the common-law maxim caveat emptor, which applies to the transfer of personal property. It is the buyer's own fault if he is so negligent as not to ascertain the right of the vendee to sell, and he cannot invoke his bona fides to protect himself from liability to the true owner, who can only be divested of his rights or title to his property by his own act, or by the operation of law. Every person is bound at his peril to ascertain in whom the real title to property is vested, and, however much diligence he may exert to that end, he must abide by the consequences of any mistake. * * * Nothing can be plainer than that no one can sell a right when he himself has none to sell, and that every such wrongful sale, by whomsoever made, whether by thief or bailee, acts in derogation of the rights of the owner and in hostility to his own authority, and consequently can neither acquire themselves, nor confer on the purchaser, any right or title of such owner."

The law seems to be almost universally established against the contention of the defendant that the acts complained of do not constitute wrongful conversion which would make him answerable to the plaintiff in damages, and the judgment of the lower court is not only supported by the great weight of authorities, but seems to be supported by the sound principles of reason and justice.

It is the contention of the defendant that the action of conversion will not lie, for the reason that the plaintiff has not made demand on the defendant for the property before the institution of the action. Where the defendant has, by disposing of the property, or other acts, rendered demand futile and useless, a demand is not an essential prerequisite to the maintenance of an action in conversion Courtis v Cane, 32 Vt. 232,

76 Am. Dec. 174; Phelps, Dodge & Palmer Co. v. Halsell & Frazier, 11 Okla. 1, 65 Pac. 340. The facts in this case are that the defendant, within an hour after the purchaser of the mules, had sold the same to another party, and demanded for the possession thereof by the plaintiff would have been a useless act.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.