## NOLAN v. MATHIS, Adm'r.

No. 19700. Opinion Filed Jan. 27, 1931.

W. H. C. Taylor, for plaintiff in error.

Drennan & Drennan and Sam P. Ridings, for defendant in error.

RILEY, J. This action in conversion was begun by the defendant in error against Patrick Nolan, who was lessee of a tract of land belonging to the estate of John Nolan, deceased, and who as such lessee appropriated to his own use the entire wheat crop raised on said tract of land during said tenancy, despite the terms of the lease contract, which provided that one-third of said wheat crop belonged to the estate aforesaid.

This land was leased by Patrick Nolan on September 6, 1924. By the written contract, tenancy expired August 1, 1925. The consideration recited was one-third of the grain to be raised and delivered to market.

The lessee paid the consideration by delivery of grain to the administrator for the year 1925, and "held over" for the year 1926, harvested and sold the wheat crop on or about August 1, 1926 and received therefor $1,542.50, but never accounted to the administrator for the amount of $514.16, for which the administrator sued, together with interest at 6 per cent. from date of conversion.

The defendant below, Patrick Nolan, in his answer denied generally, but pleaded that he was an heir and brother of the deceased. John Nolan; that he leased the land in question under duress; that the county court had no jurisdiction over the land at the time of the lease transaction.

Upon motion the court below struck all of the answer except the general denial. Upon trial, the plaintiff offered his evidence. Demurrer thereto was overruled. No evidence was introduced by Patrick Nolan except that there was placed in evidence an order of the year 1926, made in another action, appointing a receiver for the land in question, whereupon on motion of plaintiff the court directed a verdict and entered judgment for the amount sought. From judgment overruling motion for new trial, this appeal is perfected.

On appeal it is first contended that the administrator was not entitled to the rents and profits of the real estate without showing that it was necessary to collect them to pay claims against the estate.

This contention is without merit. Section 1218, C. O. S. 1921, provides that:

"The * * * administrator is entitled to * * * receive the rents and profits of the real estate, except the realty and improvements thereon properly belonging to the homestead, and such personal property as is reserved by law to the widow and children of the decedent, or either of them, until the estate is settled or delivered over by order of the county court to the heirs or devisees. * * *"

No exception as provided exists under the facts in the case at bar. Under a similar statute, the California court, in Re De Bernal's Estate, 131 Pac. 375, held:

"An executor holds all the property of the estate for the purposes of administration, including not only the rents and profits of land specifically devised, but the land itself, subject, if necessary, to disposition for the payment of debts and expenses." Washington v. Black (Cal.) 23 Pac. 300.

Note, also, section 1160, C. O. S. 1921, providing for a bond to be made by the administrator. It contemplates that such bond is given to insure the accounting for rents and profits of the estate. Also it is to be observed that section 1198, C. O. S. 1921, provides that in cases such as the one at bar, wherein the deceased might have maintained an action, by force of statute the action can be maintained by the administrator.

We pass to the next contention urged for reversal; it is that the trial court erred in striking out all of the defendant's answer except the general denial.

In an action of replevin or conversion it is only necessary to deny generally, and under a general denial any defense may be proven.

In Manning v. Maytubby, 42 Okla. 414, 141 Pac. 781, the court so held. See: Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287; First Nat. Bk. v. Barbour, 21 Okla. 237, 95 Pac. 790.

So we hold there was no reversible error in striking all but the general denial contained in the answer, for under the general denial the defendant could prove any defense in this kind of action.

Then, again, the allegation of duress was not sufficient to constitute an answer based upon that ground. See section 4994, C. O. S. 1921.

The answer follows:

"Defendant, further answering, states that he signed the said lease, set out in the petition of plaintiff, under duress."

Thus far a mere conclusion is pleaded. The answer continues:

"That the plaintiff was claiming at the time to be the administrator of the estate of John Nolan."

Previously in the answer capacity of the administrator was admitted. The answer continues:

"And was then claiming that the said county court had authorized him to take possession thereof."

This is simply an averment of authority. In fact the statutes provided such authority. The answer continues:

"That he then had the defendant's brother, Michael Nolan, theretofore arrested and placed in the county jail of said Grant county for a similar claim."

The reasonable intendment is that the administrator had the brother of defendant arrested and incarcerated in jail for claiming to be the administrator of this estate. The answer continues:

"And that he would have said defendant Nolan also arrested and placed in jail for contempt of said court of Grant county in said administration proceedings."

Such averment is no doubt intended to be a threat, but there is no allegation that defendant was claiming to be the administrator of the estate, nor is it plain as to what the plaintiff would have defendant arrested for. No overt act is set up, nor

communication to defendant of any threat. It is simply an allegation of what defendant thought plaintiff would do under circumstances not stated. It is not alleged that plaintiff promised defendant that he would not arrest him if he signed the instrument, nor is it shown that plaintiff had power to arrest or incarcerate defendant. We cannot say that the allegations contained in defendant's answer were sufficient to show that plaintiff, for the purpose of obtaining the contract in question, brought such pressure to bear upon defendant that he was bereft of that quality of mind essential to the making of a contract, or was deprived of the free exercise of his will power.

The allegations of menace and duress are vague, uncertain, and insufficient to state a defense.

In Piekenbrock v. Smith, 43 Okla. 585, 143 Pac. 675, this court stated the rule that:

"The question in each such case is, was the person so acted upon by threats of the person claiming the benefit of the contract, for the purpose of obtaining such contract, as to be bereft of that quality of mind essential to the making of a contract, and was the contract thereby obtained?" Anderson v. Kelly, 57 Okla. 109, 156 Pac. 1167; Pendleton v. Greever, 80 Okla. 35, 193 Pac. 885.

This answer was unverified, a copy of the lease is set out and execution thereof is alleged in the petition. The defendant alleges no duress or fraud as to the continuing lease, but simply states that the former lease for the preceding year was void for duress. Despite this, it is clear under the evidence that defendant had executed the terms thereof by delivering the proceeds of the grain crop of the former year to the administrator.

9 R. C. L. 725, states the rule applicable to rescission on the ground of duress:

"15. Rescission or Ratification. A contract entered into under duress being, as has been seen, generally considered not void, but merely voidable, it is, like other voidable contracts, valid until it is avoided by the person entitled to avoid it, and may be ratified by such person after the duress has been removed. Where it is sought to avoid a contract on the ground of duress, the person seeking such avoidance should proceed within a reasonable time after the removal of the duress, and if he remain silent for an unreasonable length of time, or if he retain property which he may have ac-

quired under the contract or otherwise recognize the validity of the contract, he may be held to have elected to waive the duress and ratify the contract."

The ruling of the trial court was without error. It is next contended that the action was not instituted in the name of the proper person, but should have been brought in the name of the receiver.

It appears that on July 26, 1926, in the district court, in cause No. 4008, an independent action, an order was made appointing a receiver for rents and profits of the land in question. This order, by its terms, is to "take charge of, rent and collect the rents and profits." It should be interpreted to merely authorize the receiver to collect rents and profits from the lands which he rents. It is to be observed that the administrator had previously, and in the year 1924, rented the lands in controversy, and by this action seeks to collect rents for the year 1925.

In St. L. & S. F. Ry. Co. v. Ravia Granite Ballast Co., 70 Okla 273, 174 Pac. 252, this court said:

"The appointment of a receiver to take charge of the business of a lessee does not have the effect in law of changing or annulling the contract made by the lessee with the lessor before the appointment, nor can the receiver do any act in operating the business of the lessee which will in any way impair the obligations of such contract, and an action may be maintained upon said contract by the lessor against the lessee to recover for a violation thereof, and the receiver is not a necessary or proper party thereto."

The receiver, under section 521, C. O. S. 1921, is an officer of the court, subject to the court's direction, and there is no specific conflicting directions of the court, for the obligation in the action at bar sought to be enforced, arose prior to the appointment of the receiver, and the receiver is not directed to interfere in past dealings between plaintiff and defendant in this case. We find no merit in the contention.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, ANDREWS, McNEILL, and LANGLEY, JJ., concur. CULLISON and SWINDALL, JJ., disqualified.

Note.—(1) 11 R. C. L. p. 123; R. C. L. Perm. Supp. p. 2885. (3) 9 R. C. L. p. 723; R. C. L. Perm. Supp. p. 2539; R. C. L. Continuing Perm. Supp. p. 386.