## NOLAN v. MATHIS, Adm'r, et al.

No. 19603.   Opinion Filed April 7, 1931.

H. S. Braucht, Johnson & Johnson, and Walter Marlin, for plaintiff in error.

Drennan & Drennan and Sam P. Ridings, for defendants in error.

HEFNER, J. Thomas Nolan, the appellant, as plaintiff, commenced this action in the district court of Kay county against Harry W. Mathis, as administrator of the estate of John Nolan, deceased, and others, as defendants, to quiet title to a tract of land in Kay county, basing his title thereto upon a conveyance resting in parol made to him by his brother, the decedent.

The cause was tried to the court, and at the conclusion of plaintiff's testimony the court sustained a demurrer to the evidence of plaintiff and rendered judgment in favor of the defendants.

Several suits have been brought to this court which involve the estate of the decedent. Nolan v. Mathis, Adm'r, 134 Okla. 66, 272 Pac. 874; Nolan v. Mathis, Adm'r, 134 Okla. 70, 272 Pac. 857; Nolan v. Mathis, Adm'r, 134 Okla. 79, 272 Pac. 868; Nolan v. Mathis, Adm'r, 134 Okla. 86, 272 Pac. 865; Nolan v. Schaetzel, 145 Okla. 231, 292 Pac.

353; Nolan v. Mathis, Adm'r, 147 Okla. 155, 295 Pac. 801.

In the case at bar the plaintiff in error urges that where, as in this case, there is pleaded an oral contract to convey or devise lands for services and care and the evidence is sufficient to prove the same as pleaded, and the nature of the services rendered are such that their value cannot be estimated in money value, and the proof further shows that the parties did not so intend, equity will grant the relief prayed for.

In one of these cases (134 Okla. 87) this court said:

"It will be observed from that statement of facts: That Michael, Patrick, and Thomas Nolan claimed title to certain real and personal property by parol gift from John Nolan, deceased, made just prior to his death, and that, shortly after his decease, each of said parties brought a separate action in the proper court and county to quiet the title in him to the particular land claimed by him under said gift; that each of said brothers, represented by the same counsel both in the trial court and in this court, filed petitions almost identical in word and substance; that the same counsel represented all the defendants other than the two of the three brothers who were made parties defendant in each of said suits. Identical answers were filed, and substantially the same witnesses and the same evidence were offered and introduced in each case."

In reference to gifts of real estate, this court in another one of these cases (134 Okla. 78) said:

"In the consideration of cases involving oral gifts of real estate, certain general principles are to be remembered: (1) The proof of such gifts, together with every element necessary to complete the same must be strong, clear and convincing. Fouts v. Nance, 55 Okla. 266, 155 Pac. 610; 28 C. J. 681. It has been held in Howard v. Stephens, 38 Cal. A. 296, 176 Pac. 65, and in Humble v. Gay, 168 Cal. 516, and Martin v. Martin (Tex. Civ. App.) 207 S. W. 188, that gifts first asserted after the death of the donor are regarded with suspicion. (2) The law regards with a jealous eye transfers of real estate, and especially will it scrutinize closely alleged gifts of such property made without any attempt to observe the statutory requirements as to method of transfer. This is shown clearly by our statute of frauds, and we think the case at bar furnished evidence of the wisdom of this statute."

To sustain a parol gift of real estate the evidence in support thereof must go further than a mere preponderance; the same must be clear, explicit, and convincing as to every element necessary to constitute such a valid gift. Nolan v. Mathis, Adm'r, supra.

We do not think the evidence in this case brings the plaintiff within the rule announced in the above cases. The trial court committed no error in sustaining the demurrer to his evidence, and its judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

CULLISON and SWINDALL, JJ., disqualified.