## WILSON v. HOLMES.

No. 24865.    Nov. 5, 1935.

O. S. Huser, for plaintiff in error.

Anglin & Stevenson and Vernon E. Roberts, for defendant in error.

PER CURIAM. This is an action to recover damages for the conversion of ten head of cattle and a truck. The petition was in the usual form, and the answer was by general denial. The defendant purchased the cattle from plaintiff's husband and then resold them, but he denies purchasing the truck. Plaintiff claimed to own the property and that her husband sold same without her consent. The defendant defended on the theory that plaintiff's husband owned the cattle, and if he did not own them he acted as her agent in selling them. The defendant recovered a verdict, and from an order overruling motion for new trial, plaintiff appeals.

The plaintiff requested the court to instruct the jury as follows:

"You are instructed that where one purchases chattels from one in possession, but without title or authority from the owner to sell, and sells them again, he is liable in damages to the owner for conversion, notwithstanding he had no notice or knowledge of the true owner's rights."

The court refused this requested instruction, but did instruct the jury as follows:

"Before plaintiff can recover in this action she must establish by a fair preponderance of the evidence * * * that the defendant at the time had knowledge personally or through his agent that it was her property."

The plaintiff assigns as error the refusal of the court to give the requested instruction, and the giving of the above instruction. This assignment is well taken. The requested instruction is in the exact language of the first syllabus in Clark v. Whiteus, 69 Okla. 318 171 P. 746. It is the general law. 65 C. J. 17, 36. In 26 R. C. L., at page 1112, the rule is stated as follows:

"And where a conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance."

To sustain the instruction as given the defendant cites McJunkin v Hancock, 71 Okla. 257, 176 P. 740, and Davis v. Howe, 99 Okla. 118, 226 P. 316. The McJunkin Case does not deal with the question of knowledge or lack of knowledge, but it holds that the mere purchase of personal property, without more, does not constitute an act of conversion. Here there was a sale of the cattle, which is an act of conversion. 26 R. C. L. 1119; 65 C. J. 38. The Davis Case involved the fraudulent conduct of a broker who made a secret profit in a real estate transaction. The parties tried the case on the theory that it was incumbent on the plaintiff to prove that the broker's wife knowingly and fraudulently aided her husband in the conversion of the notes that were taken in the name of the husband that represented the secret profit. Some language is used in the last part of the third paragraph of the syllabus that probably misled the trial court. This language, in so far as it is in conflict with Clark v. Whiteus, supra, is disapproved.

The defendant argues that even if the instruction is erroneous, it constitutes harmless error. We do not entertain this view. The effect of the instruction was to tell the jury that the defendant was entitled to a verdict if he did not know the property belonged to the plaintiff, even though it did in fact belong to the plaintiff and her husband had no authority to sell it. The evidence was uncontradicted that when the defendant bought and paid for the cattle, he did not know they belonged to the plaintiff. Therefore, under the evidence and said instruction, there was nothing for the jury to do but to find for the defendant.

It is further urged that the trial court committed error in permitting the introduction of evidence tending to show that the plaintiff's husband was her agent at the time he sold the property to the defendant, contending that agency cannot be proven under a general denial. It is the general rule in this state long established by a number of decisions of this court, that in an action for conversion, under general denial, the defendant may present any evidence which tends to refute the plaintiff's allegations, except release or statute of limitation. Manning v. Maytubby, 42 Okla. 414, 141 P. 781; Hopkins v. Dipert, 11 Okla. 630,

69 P. 883; Robinson v. Peru Plow & Wheel Co., 1 Okla. 140, 31 P. 988; Nolan v. Mathis, 147 Okla. 155, 295 P. 801.

Other assignments of error are based upon the giving or refusal to give instructions, and the introduction of evidence relating to the question of agency. We find no error in the trial court's action in this regard, in view of our conclusion reached with reference to the admissibility of evidence tending to prove agency under the defendant's general denial.

The judgment is reversed.

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.