## INGRAM, Adm'r, v. OKLAHOMA NAT. BANK OF CLINTON.

No. 26615.   March 3, 1936.

Rehearing Denied April 7, 1936.

Application for Leave to File Second Petition for Rehearing Denied April 21, 1936.

A. J. Welch, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

PHELPS, J.   The parties will be referred to herein as they appeared in the trial court. Plaintiff, J. N. Ingram, on April 24, 1933, filed his petition in the district court of Custer county alleging that he was the duly appointed, qualified, and acting administrator of the estate of J. C. Williams, deceased; that J. C. Williams, on May 26, 1916, deposited in the defendant bank the sum of $175, and that on November 5, 1916, he deposited the sum of $600, and that said bank was still holding said $775 for the estate of the deceased, J. C. Williams; that within the last 60 days plaintiff had made both written and oral demand on the bank to deliver to him as such administrator such moneys on deposit, but that defendant "failed and refused to do so, but has fraudulently and willfully converted the same to its own use and benefit." Plaintiff then prayed judgment against defendant in the sum of $775, with interest at the rate of 6%, and "exemplary damages in the sum of $500 for the fraudulent conversion of said deposit, for $300 for expenses incurred in collection of the said deposit so wrongfully held and converted by the defendant." This petition was verified by the plaintiff.

Defendant filed its answer, stating:

"Defendant specifically denies each and every material allegation contained in plaintiff's petition * * * defendant admits * * * that the deceased was at one time a depositor of the Oklahoma State National Bank."

Defendant further pleaded the statute of limitations. This answer was verified by the president of the bank, in which verification he stated:

"That the Oklahoma National Bank of Clinton, Okla., is not now and has not been indebted to the plaintiff herein in any sum and affiant states that the account mentioned in plaintiff's petition is wholly untrue and incorrect. * * *"

On the issues thus joined upon the trial a jury rendered a verdict in favor of defendant, and from the judgment rendered upon said verdict plaintiff prosecutes this appeal.

Upon the trial of the case plaintiff called as his witness the cashier of the bank and had him produce the ledger sheets showing the account of J. C. Williams in said bank. Plaintiff had this ledger sheet identified as "Exhibit 1" and introduced only that part of the exhibit showing the name of the depositor and the two deposits alleged to have been converted   Defendant sought to introduce, on cross-examination, the entire sheet, but the trial court held this to be improper cross-examination and excluded it.   Plaintiff then introduced the pass book of J. C. Williams showing the two items of deposit. When plaintiff rested his case, defendant introduced in evidence, over the objection of plaintiff, the entire ledger sheet showing no balance in said account.

Apparently plaintiff principally relies for reversal of the judgment upon the proposition that the court erred in admitting this ledger sheet in evidence showing payment of the account in full without there being allegations of payment contained in defendant's answer.   In support of this contention plaintiff cites Standard Fashion Co. v.

Joels, 60 Okla. 195, 159 P. 846; Eysenbach v. Robert W. Hunt Co., 140 Okla. 138, 282 P. 295, together with numerous other authorities holding that:

"Payment is an affirmative defense and to be available must be expressly pleaded. It cannot be shown under a general denial." Standard Fashion Co. v. Joels, supra.

Answering this contention, defendant contends that plaintiff's petition and the theory upon which he proceeded was that the bank was guilty of conversion of the funds and that the ledger sheet was admissible under its general denial to disprove plaintiff's allegations. In support of this theory defendant cites Manning v. Maytubby, 42 Okla. 414, 141 P. 781, in the first paragraph of the syllabus of which we said:

"In an action of conversion, any evidence is admissible under a general denial which tends to disprove the allegations of plaintiff's petition. * * *"

Also Nolan v. Mathis, 147 Okla. 155, 295 P. 801, in the second paragraph of the syllabus:

"Any defense may be proven under general denial in action of replevin or conversion. * * *"

There seems to be but little controversy between the parties as to the correctness of these two rules of law, but their principal controversy is whether the action is one for money had and received or one in conversion, and in determining the nature of the cause of action we know no better rule than to look to the pleadings themselves. Apparently the trial court took the view that the petition stated a cause of action in conversion and proceeded upon that theory. The petition is not entirely clear as to the exact nature of the cause of action plaintiff intended to state, but a thorough examination of the record brings us to the conclusion that the trial court committed no error in admitting the ledger sheet in evidence which, in effect, proved payment. This the defendant was entitled to do under its general denial, since the plaintiff pleaded conversion.

Plaintiff also assigns as error the court's refusal to give certain requested instructions and also in giving certain instructions excepted to by the plaintiff. We have carefully examined the requested instructions and the instructions given, and taken as a whole the instructions given fairly presented to the jury the questions raised by the pleadings and embraced in the evidence, and it is our conclusion that no error was committed either in refusing to give the requested instructions or in giving the instructions excepted to by plaintiff.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and CORN, JJ., concur.