**SEIDENBACH'S, a Corporation,**
**Plaintiff in Error,**

v.

**Wilma L. JOHNSON, Defendant in Error.**

**No. 39134.**

Supreme Court of Oklahoma.

June 27, 1961.

Saul A. Yager and Frank Settle, Tulsa, for plaintiff in error.

Joe B. Houston, Gerald B. Klein, R. L. Davidson, Jr., John R. Richards, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by Seidenbach's, a corporation (defendant) from a judgment in favor of Wilma L. Johnson (plaintiff).

Plaintiff alleged in her petition that on May 27, 1957, she was the owner of a fur jacket of the value of $504 and that she delivered the jacket to defendant for storage; that on the following day, May 28, 1957, she requested redelivery of the jacket and offered to pay storage charges; that defendant unlawfully, wrongfully and continuously refused to redeliver the jacket to plaintiff. The petition also alleged that the defendant had converted the jacket to its own uses and purposes and permanently deprived plaintiff thereof to her damage in the sum of $504 and further that the acts of defendant were wilful, unlawful and deliberate and that plaintiff was entitled to exemplary damages in the amount of $1512.

The defendant's answer was a general denial except that it admitted the allegations that the parties' respective residences were in Tulsa, Oklahoma.

The case was set for trial to the court. The opening statement of attorney for plaintiff was substantially in accord with the allegations of the petition.

Counsel for defendant in his opening statement related that defendant denied any such storage of the fur jacket; that plaintiff had bought the fur jacket (apparently from defendant) and had paid the purchase price of $504; that prior to May 27, 1957, plaintiff wanted to buy a mink coat from defendant with a sale price of around $3000, and trade in the fur jacket as a down payment of $504; that such arrangement was agreed to by defendant and plaintiff delivered the fur jacket as the down payment and executed a purchase contract to defendant covering the mink coat and also wrote her name inside that coat. Counsel further stated that about

two weeks later plaintiff stated she had changed her mind and did not want the mink coat; that plaintiff was then advised defendant could not return the mink coat to the wholesale fur house, and that the purchase agreement was in force.

Plaintiff objected to all of the foregoing on the ground that such matters were outside the scope of the pleadings and that the stated defense was not available to defendant under a general denial. The plaintiff moved for judgment on the opening statements for the sum of $504 and interest. The trial court sustained the motion and denied defendant's application for leave to amend its answer to allege the matters stated in counsel's opening statement.

Defendant makes several assignments of error. We will dispose of the matter on the proposition that the lower court erred as a matter of law in sustaining the motion for judgment.

█ Under the allegations of her petition it was incumbent on plaintiff to show that she owned the fur jacket, the alleged storage, the refusal to redeliver, and the value of the article. To defeat the action the defendant would be obliged to introduce evidence to controvert plaintiff's proof. This court has announced the general rule that under a general denial, a defendant is entitled to offer evidence of any facts which will tend to controvert what the plaintiff is bound in the first instance to prove to establish his cause of action. Ille v. Travis Oil Corporation, 196 Okl. 332, 164 P.2d 998, and Atchison, T. & S. F. Ry. Co. v. Weaver, 173 Okl. 156, 47 P.2d 104.

█ The action of plaintiff was one for conversion of the fur jacket. We have repeatedly specifically held as to such an action, that it is only necessary to deny generally, and under a general denial any defense may be proven. Nolan v. Mathis, 147 Okl. 155, 295 P. 801. See also Wilson v. Holmes, 174 Okl. 527, 50 P.2d 1081; Ingram v. Oklahoma Nat. Bank of Clinton, 176 Okl. 544, 56 P.2d 406; and Hopkins v. Dipert, 11 Okl. 630, 69 P. 883.

█ The opening statement of counsel for defendant related matters which, when supported by evidence, would tend to controvert, among other things, plaintiff's claim of ownership and the alleged storage and conversion. In view of such fact and the law above stated the action of the lower court was erroneous. A judgment on opening statement of counsel should be granted only where such statement positively affirms or admits facts clearly precluding recovery by plaintiff, or clearly showing no defense by defendant to cause of action alleged by plaintiff. Williams v. Long Bell Lumber Co., 203 Okl. 250, 219 P.2d 992, and Barnett v. Tabor, 154 Okl. 20, 6 P.2d 787.

It is our conclusion that there was no justification for sustaining plaintiff's motion for judgment on the opening statements.

The judgment is reversed and the lower court is directed to vacate the judgment in favor of plaintiff and to proceed according to the views here expressed.