## AUST v. PURSLEY.

No. 30043.  Sept. 30, 1941.

*117 P. 2d 523.*

E. L. Richardson, of Lawton, for plaintiff in error.

Lawton Burton and S. R. Harper, both of Lawton, for defendant in error.

HURST, J.  This is an action by Glen Pursley against defendant E. E. Aust and others for damages for conversion of an automobile.  From a verdict and judgment for plaintiff, Aust appeals.  The sole question for determination is the sufficiency of the evidence to support the charge of conversion, and to justify the denial of defendant's motion for a directed verdict.

From the evidence it appears that plaintiff purchased an automobile from Aust, giving him a chattel mortgage thereon for a substantial part of the purchase price.  Plaintiff also took out insurance on the automobile, the policy containing a $50 deductible clause in case of damage due to accident or collision, the proceeds being payable to plaintiff and Aust as their interests appeared.  Plaintiff, with Aust's permission, took the automobile to Denver, Colo., where he had the promise of a job.  Failing to secure employment, he drove it to the State of Washington, where he wrecked it.  He immediately telegraphed Aust, advising him that estimated repairs would be $250, and asking him to wire instructions.  Aust did not answer the wire, but notified the insurance company.  It referred the matter to adjusters in Washington, who inspected the automobile, and advised its removal to a repair shop in a near-by city for repairs.  This was done, and it was repaired at an expense of $250.  Plaintiff requested Aust to release his claim to the insurance money, so that it could be applied on the repair bill, but Aust refused to do so until plaintiff paid or caused to be paid to him $35 on the mortgage, which Aust claimed plaintiff had agreed to pay him before leaving for Denver.  Plaintiff, being unable to pay for the repairs without the use of the insurance money, executed an assignment of such money to Aust, abandoned the automobile, and returned to Lawton.  Thereafter the adjustment company, at Aust's request, paid the repair bill, sold the automobile, and remitted to Aust the net amount received from the sale, which was less

than the amount of plaintiff's mortgage indebtedness to him. At the time plaintiff abandoned the automobile and returned to Lawton, one monthly installment of the mortgage debt was delinquent, and was never paid or tendered to Aust.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property and inconsistent with the rights of the owner. United States Zinc Co. v. Colburn, 124 Okla. 249, 255 P. 688; 65 C. J. 29; 26 R. C. L. 1098. The rule applies whether possession is taken personally or by procurement. 26 R. C. L. 1098.

Plaintiff contends that when Aust notified the insurance company of the loss, and the insurance company, acting through the adjustment company, had the wrecked automobile removed to the shop for repairs, Aust thus indirectly exercised wrongful dominion over the car, and cites First Nat. Bank of Pocasset v. Melton & Holmes, 156 Okla. 63, 9 P. 2d 703, to the effect that the mere wrongful assuming of a right to personal property constitutes conversion. But in the present case plaintiff willingly consented to the removal of the automobile to the shop, and from the evidence no possession thereof was taken by the adjuster, but his recommendations as to its removal were followed by plaintiff. Under the insurance policy it was the duty of the insurance company to pay the damages, less $50, to the person entitled thereto, and apparently at that time plaintiff had no doubt that it would be paid to him, or to the repair shop at his order, as he requested a loan of $50 from Aust to make up the necessary amount. This was refused by Aust. The trial court directed a verdict for the insurance and adjustment companies, thus absolving them of conversion. After the automobile was repaired, it was held by the repair shop for the payment of its bill. Thus it appears that Aust at no time had possession of, or assumed any dominion or authority over, the car, until it was abandoned by plaintiff, at which time Aust, under the terms of the mortgage, was entitled to possession.

The only act of Aust which in any wise prejudiced plaintiff was his refusal to release the insurance money to plaintiff. This Aust was not legally obligated to do. Assuming that Aust's demand for a further payment was unjustified, and that he knew his action would prevent plaintiff from paying the repair bill, still he was under no legal duty to assist plaintiff, or to take any step which he considered inconsistent with the protection of his own interest in the automobile, the amount of which exceeded the value of plaintiff's interest. There is no evidence that Aust suggested or authorized the repairing of the automobile, or that the adjuster was his agent for such purpose. The evidence in the case at bar is in some respects similar to that in Kelly v. Oliver Farm Equipment Sales Co., 169 Okla. 269, 36 P. 2d 888, in which it was held that the refusal of a landlord to pay for a plow wrongfully taken by his tenant did not render him guilty of conversion. The trial court should have sustained Aust's motion for a directed verdict.

Reversed, with directions to dismiss the cause.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.