SMITH et al. v. WIXSON.

No. 30036. Feb. 17, 1942.

Rehearing Denied March 17, 1942.

*123 P. 2d 250.*

John L. Goode and Mark Goode, both of Shawnee, for plaintiffs in error.

Wyatt, Wyatt & Green, of Shawnee, for defendant in error.

HURST, J. This is an action by R. J. Wixson, plaintiff, against J. F. Smith and W. A. Villines, defendants, to recover the value of certain oil well casing stolen from plaintiff in Kansas, and which plaintiff alleged defendants had converted to their own use. From a verdict and judgment for plaintiff, defendants appeal.

Defendants assign numerous errors, but we think one decisive question is presented by the record: Should the motion of defendants for a directed verdict have been sustained?

The evidence established that at some time between December 25, 1937, and January 11, 1938, 1,205 feet of seven-inch casing was stolen from plaintiff's oil lease in Ellsworth county, Kan., transported to the pipe and supply yard of Lillard & Baker, dealers in oil field supplies in Shawnee, and from there delivered to a lease owned by defendants in Seminole county, known as the Norvell lease. The serious question is whether the evidence tends to prove that defendants ever took or retained possession of the pipe, or exercised any control or dominion over it, or used or disposed of it. There was no evidence that defendants knew that the casing was delivered to or deposited upon their lease, or that they, or any of their employees, were present when the casing was placed there, or that the casing was used or disposed of by defendants, or anyone acting for them. Plaintiff's proof went no further than to show that his casing was deposited on defendants' lease near well No. 3, which defendants were then drilling thereon. It was plaintiff's theory that the casing was used in that well, but he produced no witness

who could or would testify that it was so used. The pipe stolen from plaintiff's lease was new seven-inch O. D. 24-pound seamless steel casing. Plaintiff testified that it was what is known as "Range 1" casing, and that the term "Range 1" as applied to oil well casing means odd length joints, the length of the joints ranging from 21 to 24 feet. He further testified that "Range 2" casing was of uniform length, the joints measuring 30 feet.

Defendant Smith testified that he purchased the casing used on the Norvell lease, and that it was all range 2 casing; that no range 1 casing was placed in any of the wells on the lease. On cross-examination he stated that he bought part of the casing for well No. 3 from Lillard & Baker; that he was not personally present when the casing was run in that well, and did not know who hauled that part which he bought from Lillard & Baker to the lease; that he contracted with Lillard to put the casing on the lease. On redirect examination he testified that all of the casing he purchased from Lillard & Baker was used or secondhand casing, and that he had never bought any new casing from Lillard & Baker; that he did not know where the casing he purchased from Lillard & Baker came from, and never questioned them as to their title to it.

Rufus Lillard, of the firm of Lillard & Baker, testified that his firm had sold considerable casing to defendants, but had never sold them any range 1, all their purchases being range 2 casing; that the casing which plaintiff claimed had been stolen was delivered on the Norvell lease by mistake, and that when he discovered that it had been delivered there he sent out range 2 pipe instead, and had the range 1 pipe brought back; that this was done within two days after the range 1 pipe was taken to the Norvell lease. His testimony as to exchanging the range 2 pipe for the range 1 is corroborated by J. H. Riley, one of his employees, who testified that he personally went to the Norvell lease and assisted in making the exchange of the casing. The testimony of these witnesses was not contradicted or disputed, nor was there any attempt to impeach them.

The casing in well No. 3 was placed in the well early in 1938, and as plaintiff did not learn that his casing had been taken to Shawnee until 1939, it was not possible to inspect the casing which went into the No. 3 well to ascertain whether it was range 1 or range 2 casing.

The trial court held, and plaintiff here contends, that the evidence was sufficient to justify the overruling of the motion for directed verdict, and to make the question of whether defendants were guilty of conversion one for the jury to determine.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with, his rights therein. Aust v. Pursley, 189 Okla. 388, 117 P. 2d 523. The burden of proof in such an action is on plaintiff to show a conversion of the property involved by proving some affirmative wrongful act. McJunkin v. Hancock, 71 Okla. 257, 176 P. 740; Besse v. West, 155 Okla. 244, 9 P. 2d 5; Kelly v. Oliver Farm Equipment Sales Co., 169 Okla. 269, 36 P. 2d 888; 26 R. C. L. 1147; 65 C. J. 103.

The mere fact that the casing was placed near a drilling well does not justify a finding that the casing was used in such well when the undisputed testimony of Lillard and Riley established the removal thereof and its replacement with range 2 casing. Nothing in the facts and circumstances tended to contradict or weaken their positive statements, and their testimony may not be disregarded or ignored. White v. Roach, 165 Okla. 143, 25 P. 2d 333.

Plaintiff cites 17 R. C. L. 92-93, Carpenter v. Mead, 60 Okla. 127, 153 P. 658, and Clark v. Whiteus, 69 Okla. 318, 171 P. 746, which announce the rule that one who purchases and resells property without the consent of the owner is guilty of conversion. But the rule does not apply where, as here, there is not only no evidence of either a purchase

or sale by defendants, but affirmative and uncontradicted evidence to the contrary.

In view of what we have said, it is not necessary to refer to the other assignments of error having to do with giving and refusal to give instructions.

We conclude that the motion for a directed verdict in favor of the defendants should have been sustained. However, since plaintiff may be able to furnish evidence of conversion not available at the first trial, we think the judgment should be vacated and the cause remanded for a new trial instead of with directions to enter judgment.

Reversed for a new trial.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur.