## WHITE LINE CAB & BAGGAGE CO. v. WATERMAN.

No. 20030. Opinion Filed July 7, 1931.

Motion to Modify Opinion Denied July 21, 1931.

Green & Farmer, for plaintiff in error.

Mason & Williams, for defendant in error.

HEFNER, J. The White Line Cab & Baggage Company, a corporation, appeals from the judgment rendered against it in the district court of Tulsa county in a personal injury action. The judgment is in the sum of $10,000, and in favor of Harry A. Waterman.

The main contention of the appellant is that the court erred in overruling its motion for a directed verdict.

Plaintiff was injured by being struck by the right front fender of a taxicab belonging to appellant. The acts of negligence charged in the petition consist of driving at a reckless rate of speed and in excess of 15 miles per hour; that the driver of the cab failed to keep a proper lookout for pedestrians; that he failed to sound his horn; that he failed to keep the cab under proper control; and that he was driving on the left side of the street.

The evidence discloses that the accident occurred about 10 o'clock at night on April 14, 1926, a few feet south of the intersection of Second street and Boulder avenue in the city of Tulsa. R. A. Sisson, an employee of the defendant, was driving the cab at the time of the accident. The evidence of all the witnesses is that he was driving north on Boulder avenue, at the time he struck plaintiff, at a rate of speed from eight to twelve miles per hour; that he struck plaintiff from 30 to 70 feet south of the intersection. Dr. Musgrave, who was driving south on Boulder avenue, was the only person except the driver who saw plaintiff as he entered the street. Both the driver and Dr. Musgrave testified that there were numerous cars parked on the east side of Boulder avenue; that plaintiff came out from among these cars and entered the street a few feet in front of the cab, and was going west across Boulder avenue; that the driver brought the cab to a sudden and quick stop. The driver testified that upon discovering plaintiff he sounded the horn, put on the brakes, swerved slightly to the left in an attempt to miss him, but that the right fender struck him before he could stop, and that he stopped within a distance of eight feet. Dr. Musgrave testified that the cab stopped within a distance of four feet.

Benton Remy was the only witness to the accident who testified in behalf of plaintiff. His evidence was that he was driving immediately behind the cab at the time of the accident; that he did not see plaintiff enter the street, but saw him just as he was struck by the cab; that the cab was being driven at from ten to twelve miles an

hour; that the driver turned a little to the left, hit plaintiff as he turned, and stopped very quickly; that plaintiff was struck at a distance of about 25 feet south of the intersection; that when the cab stopped the front of the cab was slightly to the left of the middle of the street, and that plaintiff was found lying near the rear wheel of the cab; that the driver placed plaintiff in the cab and took him to the hospital. This evidence is all undisputed and constitutes all of the evidence as to the accident except the evidence of plaintiff himself. He testified that he was "approximately at the corner or near the corner of Second and Boulder," and that he was struck by the cab while he was attempting to cross the intersection at Second street and Boulder, and that before crossing he looked up and down the street and saw no cars approaching; that he saw some cars parked, but he did not see the car that struck him, neither did he see the car that was going south on Boulder.

He contends that there is a conflict in the evidence sufficient to take the case to the jury; that, under the testimony of plaintiff, he could not have entered the street as testified to by the other witnesses, and that, under his testimony, he was struck in the intersection instead of some distance south thereof. We do not agree with this contention. Plaintiff does not testify that he was struck in the intersection. His testimony is that he was at or near the corner of Second and Boulder and was struck while attempting to cross at the intersection, and he further testified that he has no further recollection whatsoever as to the accident. Plaintiff does not testify at what point at the intersection of these streets he attempted to cross. The undisputed testimony is that he crossed at a point from 30 to 75 feet south of the intersection. The only eye witness, testifying on behalf of the plaintiff, testified that he was struck at a point about 25 feet south of the intersection. The driver of the cab testified that he struck plaintiff at a distance of from 40 to 50 feet south of the intersection. Dr. Musgrave, who was driving south on Boulder, testified that he was struck at a distance of from 70 to 80 feet south of the intersection. We do not think the evidence of plaintiff sufficiently definite to raise an issue on this question.

Plaintiff further contends that the physical facts contradict the evidence of the witnesses, and that the ruling of the trial court denying defendant's motion should be sustained on this theory, and on this proposition counsel in his brief says:

"Then, too, the driver of the cab testified (C.-M. 128) that after the fender struck the plaintiff, he carried him eight feet on the fender of the cab. We wonder, and no doubt the jury wondered, in view of Dr. Musgrave's testimony that plaintiff was struck so hard, that the thud of his falling could be heard 60 feet away, whether or not it was possible to conclude the taxicab was going so fast that it knocked plaintiff eight feet in the air and so hard that the thud of his fall was audible 60 feet away. This conclusion, we submit, is not unreasonable in view of the facts testified to in the case. If so, then it was a question for the jury to decide from all the evidence, physical facts as well as statements of witnesses, favorable and unfavorable, whether the cab was driven at an excessive rate of speed. * * *"

Dr. Musgrave did not testify as contended by counsel. There is no evidence in the record to the effect that plaintiff was knocked eight feet in the air when struck by the cab. On this proposition Dr. Musgrave testified as follows:

"Q. You are quite positive that it wasn't a glancing blow that struck him, it was just a blow right square? A. It was a good sized blow all right, because I could hear it. Q. It was a good hard blow? A. It wasn't very hard because it didn't knock him only to the pavement. Q. It knocked him immediately to the pavement? A. Yes."

The other physical facts pointed out by plaintiff, which he contends contradicted the oral statements of the witness, are as follows: A witness on behalf of plaintiff testified that after the accident plaintiff's body was found lying near the rear wheel of the cab. Defendant testified that plaintiff, after being struck, was carried on the fender for a distance of six feet, and that he then dropped to the pavement; that the cab was ten feet in length. Counsel argue from this evidence that the driver must have gone 18 feet after striking plaintiff before stopping the cab, and that he was guilty of negligence in so doing. Plaintiff offered expert evidence to the effect that if the cab was driven at 10 miles per hour, it should have been stopped in a distance of 10 feet, if at 12 miles per hour, in a distance of 12 or 15 feet, and if 15 miles an hour, in a distance of 20 feet. This evidence, together with the physical facts, plaintiff contends is sufficient to raise an issue as to whether the driver was negligent in failing to stop the car before striking plaintiff and was sufficient to raise an issue on the question of the rate of speed.

The evidence is undisputed that, at the time plaintiff was struck by the cab, the

driver swerved sharply to the left in an attempt to miss him, and that when the cab came to a stop the front end thereof was to the east of the center of the street. Just how plaintiff fell from the fender is not disclosed by the evidence. The mere fact that after the cab was stopped he was found lying close to the rear wheel, in our opinion, is not, in itself, a physical fact sufficient to contradict the positive testimony of the witnesses that the driver was driving not to exceed 12 miles an hour, and that he stopped the cab within a distance of from four to eight feet. The cab might have been stopped within the distance as testified to and still plaintiff might have been found lying near the rear wheel of the cab. Suppose, however, that plaintiff is correct in his contention that this circumstance raises an issue as to the distance traveled by the driver before stopping the car, still, in our opinion, it would not be sufficient to take the case to the jury. The evidence quite conclusively establishes that plaintiff entered the street from among the parked cars immediately in front of the cab. Under the expert evidence offered by plaintiff, it would have been impossible for plaintiff to have stopped the car in time to have prevented the accident. Therefore, the physical facts relied on by plaintiff could not change the situation, and are insufficient upon which to submit the question to the jury.

Plaintiff also asserts that the evidence establishes that the driver was driving on the left side of the street. The evidence does not support this contention. The evidence offered on behalf of the plaintiff is to the effect that the driver was driving on the right side of the street, but that he swerved to the left in an attempt to miss plaintiff, and that when the cab stopped the front end thereof was several feet to the left of the middle of the street. No witnesses testified that the driver was driving on the left side of the street. No contention is made that the speed limit allowed by the city ordinance was violated. Plaintiff has failed to establish primary negligence on the part of defendant. The trial court therefore erred in overruling its motion for a directed verdict.

Judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

McNEILL, J., absent and disqualified.