## ATCHISON, T. & S. F. R. CO. v. WEAVER.

No. 25069.    May 21, 1935.

Rehearing Denied July 9, 1935.

Rainey, Flynn, Green & Anderson, John P. Roemer, and R. M. Rainey, Jr., for plaintiff in error.

Melton & Melton, for defendant in error.

PER CURIAM. This is an action commenced in the district court of Grady county by the defendant in error, John G. Weaver, against the Atchison, Topeka & State

Fe Railway Company, a corporation, as defendant, to recover for the conversion of 1,521 lbs. of cotton valued at $317.57. Judgment was for the plaintiff for the sum of $311.30, with interest at 6 per cent, from the 17th day of February, 1928, until paid, from which judgment the defendant prosecutes this appeal.

The parties will be referred to here as plaintiff and defendant, according to their petitions in the lower court.

This case was tried to a jury, and at the conclusion of the evidence plaintiff moved the court to discharge the jury and to enter judgment for him, and defendant also moved the court to enter judgment in its favor, and said case was withdrawn from the jury and the court rendered judgment against the defendant and for the plaintiff in the sum of $311.30, with interest thereon from the 17th day of February, 1928, at 6 per cent. per annum. A motion for new trial was duly filed, overruled, and the appeal lodged in this court. The admitted facts are that on July 10, 1927, the plaintiff delivered to the defendant 69 bales of cotton at Chickasha, Okla., to be transported to Houston, Tex. Plaintiff alleges that the cotton was in good condition at the time of its delivery to the defendant and weighed 36,741 lbs. and that the transportation company, upon the arrival of the cotton at Houston, delivered the same to the pickery where said cotton was reconditioned, and that after said reconditioning the cotton bales weighed only 35,220 lbs., and thereby plaintiff suffered a loss of 1,521 lbs., which plaintiff alleged was worth the sum of $317.57, for which he prayed judgment. The defendant by its answer denied each and every material allegation in the petition contained and prayed that the plaintiff take nothing by his suit.

The proof offered by the plaintiff discloses that the cotton was delivered to the transportation company on July 10, 1927, and a bill of lading issued which showed the cotton was consigned to the order of plaintiff with instructions to notify McCaa and Safford at Houston, Tex., and plaintiff testified that the value of the cotton at the time of delivery to the defendant was 20½ cts. per lb., and also testified as to the loss in weights on account of the reconditioning process.

The proof was not as complete as it might have been, but the principal facts were not contested, and, in fact, were admitted. No claim was made for the freight paid on the cotton lost in transportation. It was established by the evidence offered by defendant that upon the arrival of the shipment at Houston, the cotton was delivered to a compress company and, before the delivery to the consignee, passed into the possession of the pickery and was reconditioned. No attempt was made to show that any authority was obtained from the plaintiff for this purpose.

The pleadings of the parties make up the framework within which the evidence should be confined. The plaintiff alleges delivery of the 69 bales of cotton to the defendant at Chickasha, Okla., for transportation to Houston. Tex., and that the shipment was consigned to him with instructions to notify his brokers, and that while the cotton was in possession and control of the transportation company, the loss occurred. The answer of the defendant is a general denial of the allegations of the petition, and within this framework the testimony must be confined.

The proof on the part of the plaintiff is that the cotton in question was delivered to the transportation company in good condition, and there is no allegation that the cotton was injured in the course of transportation. The defendant offered proof to show that the shipment was safely transported and reached Houston, Tex., in the same condition as when received. In this respect the proof conformed to the pleadings and the lower court so held, but it is contended by defendant that there was a latent defect in the bales of cotton, in that they were country damaged, or had been exposed to weather conditions, and dirt and sand had been blown into the bales, and that this condition could only have been discovered by removing the bagging and ties from the bales. This might have been true. and doubtless was, but was this a defense? It was the duty of the transportation company to safely transport the shipment from Chickasha, Okla., to Houston, Tex., and there deliver same to the consignee, who was the plaintiff, and that was the whole duty of the transportation company. To carry out its contract with the plaintiff, it was not necessary to have anything done to this shipment. The cotton arrived in Houston on the 13th day of July, 1927, and on July 20, 1927, McGaa and Safford, brokers and cotton buyers in Houston, Tex., paid the freight and took up the bill of lading representing the plaintiff. The evidence shows that in the interim, between July 13th and July 20th, when the actual delivery was made, the transportation company per-

mitted the shipment to be sent to the pickery in Houston, where the cotton was reconditioned, and after such process the shipment had lost in weight 1,521 lbs., or $317.57, for which amount judgment was prayed. The trial court took the position that the transportation company exceeded its authority in permitting other parties to take charge of the shipment and recondition it, even though it might have been necessary or beneficial, and are, therefore, liable for any loss or injury that plaintiff might have sustained. Defendant was remiss in permitting this shipment to pass from its possession until the delivery was made, and violated its contract with the plaintiff and must suffer the results of its own negligent acts.

Counsel in their brief call our attention to the act of Congress known as the Cummins Amendment, Act of March 4, 1915, chapter 176, 38 Stat. 1196, 49 USCA sec. 20, and the decisions of the United States Supreme Court construing this act, but these decisions have reference to damage or loss in the course of transportation and not loss caused by the willful acts of the transportation company, which resulted in loss to the shipper in negligently permitting the shipment to pass from its control and be injured or damaged by other parties, or by acts that violate the instructions of the plaintiff and the plain contract of the parties. It could not be seriously contended, had parties who received the shipment for reconditioning purposes failed to return it, that defendant would not then be answerable in damage.

It is contended that certain evidence offered by defendant was erroneously rejected by the trial court, but we think not. If the laws of the state of Texas required that shipments of cotton coming within its territorial jurisdiction should be examined, and if found defective or damaged in any manner, should accordingly be sent to the pickery and reconditioned, then it was defendant's duty to plead such statute, and failing to do so, should not be permitted to offer evidence showing that reconditioning process was necessary.

This court points out the rule in Continental Gin Co. v. Arnold, 52 Okla. 569, 153 P. 161, in this language:

"The main reason pleadings are required is to specifically notify the adverse party of the pleader's demand and contention so that the party may be informed with reasonable certainty of what facts he will have to meet at the trial, and will thus have an opportunity to prepare his defense."

It is our opinion that the evidence fairly and conclusively sustains the allegations of the petition and that the judgment of the lower court should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys George C. Beidleman, John Caruthers, and A. N. Boatman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Beidleman and approved by Mr. Caruthers and Mr. Boatman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.