CULVER et al. v. BAYLISS.

No. 31170. Sept. 28, 1943.

*141 P. 2d 578.*

Maurice M. Thomas, of Oklahoma City, for plaintiffs in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by Albert E. Bayliss, hereinafter referred to as plaintiff, against Harry Culver, Harry Culver, Inc., a corporation, and Harry Culver & Company, a business trust, hereinafter referred to as defendants, wherein plaintiff sought recovery for the value of services rendered to defendants pursuant to a written contract. Issues were joined, the cause was submitted to a jury, and a verdict was returned in favor of plaintiff. From a judgment thereon, the defendants have appealed.

For reversal, it is contended that the verdict is not supported by any competent evidence. Plaintiff is a certified public accountant and engaged in the practice of his profession in Oklahoma City. On June 3, 1940, he entered into a written contract with defendants which provided that he would make a general audit and investigation of the books, records, and accounts of the defendants and furnish a full and complete report of the results of the audit. Plaintiff was to be paid at the rate of $25 per day and was to receive the sum of $12.50 per day for the services of junior accountants necessarily engaged to assist in making the audit. Sixty per cent of the fees were to be paid during the progress of the audit and 40 per cent within 60 days after completion of the work and delivery of the report. The contract provided that the audit be commenced within five days of the approval of the contract and be conducted in a speedy and professional manner to a final completion. No definite date was fixed for the completion of the audit. Plaintiff, assisted by two junior accountants, commenced the audit of the books and records of defendants and thereafter submitted statements for services rendered, which were not paid. It is agreed that on July 3, 1940, the services were discontinued and that the plaintiff did not complete the audit or furnish a final report of the results of the investigation of the books and accounts.

It is plaintiff's contention that, under the terms of the written contract, he is entitled to recover for the value of the services rendered at the rate fixed by the terms of the contract. Defendants contend that there was some dissatisfaction with reference to the progress of the audit, and that plaintiff advised defendants that he did not wish to continue the audit and would prefer to abandon the work without charge for his services and would return the books and records of defendants to them, and that pursuant to said agreement, the books and records were returned to their possession and the audit was never completed. It is argued that this constituted an oral rescission of the contract and an abandonment thereof. Evidence was introduced by defendants in accord with their claim of rescission and abandonment, which evidence was controverted by the plaintiff. He specifically denied the making of an oral statement that he preferred to abandon the audit and would not make a charge for the services performed. This constituted an issue of fact which was properly submitted to the jury. The finding of the jury is supported by competent evidence, and therefore will not be disturbed.

Defendants urge as a further defense to plaintiff's action that there was a failure of consideration and insisted that the court erred in refusing to submit such issue to the jury by proper instructions. In this the court committed no error. The determinative issue drawn by the pleadings and evidence in this case is whether or not there was a rescission or abandonment of the contract. No contention is made that a completed audit was furnished to defendants; but, under the terms of the written contract,

they were bound to make certain payments to plaintiff during the progress of the work. If the contract was not rescinded or abandoned, plaintiff would be entitled to recover for the labor performed on the theory that there was a breach of contract by defendants, and the defense of failure of consideration would not be available to them.

On April 1, 1942, after the pleadings in the case were made up by the filing of answer and reply, defendants filed a suggestion of lack of jurisdiction in the district court of Oklahoma county, in which it was alleged that on June 1, 1940, defendant and one Bert Shepherd, doing business as Culver & Shepherd, a copartnership, filed a petition in the United States District Court for a real property arrangement under chapter 12 of the Chandler Act, 11 U.S.C.A. § 801 et seq., and on said date the bankruptcy court acquired jurisdiction over all the assets and property of Harry Culver, individually; that an order was made approving the petition and appointing trustees of the properties of the debtors, and that said order, among other things, provided:

"(6) Each and all of the creditors secured and unsecured or either of them be and they hereby are restrained and enjoined from commencing or prosecuting any action in any court affecting the properties of said debtors, or either of them, or from in any manner interfering with or molesting said Trustees in the operating, managing, maintenance and possession of the properties of said debtors, and each of them."

This proposition is applicable only to the defendant Harry Culver, since Harry Culver, Inc., and Harry Culver, a business trust, are not involved in the bankruptcy proceeding. It is noted that the restraining order is operative only upon the creditor, secured and unsecured, of the bankrupt debtors. Since the contract involved herein was made two days after entry of the above order, it is obvious that plaintiff could not be one of the creditors affected thereby. Defendant Harry Culver makes no contention that the pendency of the bankruptcy proceedings deprived him of the

right to enter into a valid contract with plaintiff. We conclude that the challenge to the jurisdiction of the district court of Oklahoma county is without merit.

The judgment is affirmed.

CORN, C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., absent.