ILLE et al. v. TRAVIS OIL CORPORATION.

No. 31819. Oct. 2. 1945.

Rehearing Denied Jan. 15, 1946.

*164 P. 2d 998.*

Wendell G. Stockton and T. J. Mc-Comb, both of Oklahoma City, for plaintiffs in error.

Richardson, Shartel, Cochran & Pruet, of Oklahoma City, for defendant in error.

HURST, V. C. J. This is an action by two employees to recover from their employer wages, liquidated damages, and attorney fees for overtime worked between January 1, 1939, and June 29, 1941, under the provisions of the Federal Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. 201. From a judgment in favor of the defendant employer, based upon a jury verdict, the plaintiffs have appealed.

The defendant admits that it was engaged in interstate commerce, and hence comes under the act, and that the plaintiffs worked overtime the number of hours alleged by them. The issue of fact on which the parties differ is whether the plaintiffs have been paid time and a half for the overtime under an agreement fixing the wages.

The defendant introduced evidence

from which the jury could reasonably find that prior to the effective date of the act it was employing three men at each of its three gas lift plants, and that the men worked 56 hours per week and were drawing wages at the rate of 75 cents per hour; that because of its weak financial condition it did not feel able to pay overtime under the act, and in order to avoid paying overtime it put an extra man on at each plant so that each employee worked only 42 hours per week and no overtime and each was paid wages at the rate of 75 cents per hour. This had the effect of reducing the amount of wages formerly earned by each employee. The old employees objected to the reduction in the total wages earned by them, and then worked out an agreement with the defendant by which only three would work at each plant and they would be paid 75 cents per hour regular time as *operators* and they would work overtime as *repair men* and in *clean up work* at 50 cents per hour which with time and a half for overtime would make 75 cents per hour for the overtime. Thus they would be receiving the same amount of wages under the act as they were receiving prior to its effective date. The plaintiffs and the other employees were paid by check twice a month and each check bore this endorsement: "This check is in full settlement of account as shown herein. Acceptance by endorsement constitutes receipt in full." The plaintiffs made no objections to the amounts paid them and no demand for overtime until they quit work. This action was commenced about six months thereafter. The plaintiffs denied that they were present when such agreement for readjustment of their wage scale was made and they denied any knowledge of it though they admitted that the extra men were put on and taken off.

In determining the substantive rights of employers and employees under the act we are bound by the term of the act, which creates the cause of action, and the interpretation placed upon it by the United States Supreme Court, but in enforcing the act in the state courts state rules of practice and procedure govern both in the trial court and on appeal. 5 R. C. L. 1042 § 134; 11 Am. Jur. 498, § 186; 12 C. J. 447, 483, §§ 27, 92; 15 C. J. S. 877, 948, §§ 9, 22; Central Vermont Ry. Co. v. White, 238 U. S. 507, 59 L. Ed. 1433, 35 S. Ct. 865, Ann. Cas. 1916B, 252; Minneapolis & St. Louis R. R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961, Ann. Cas. 1916 E, 505, L. R. A. 1917 A, 86; Rockwood v. Crown Laundry Co., 352 Mo. 561, 178 S. W. 2d 440. A flood of litigation has resulted from the operation and enforcement of the act. For a collection of such cases, see 130 A. L. R. 272, 140 A. L. R. 1263, 144 A. L. R. 1375 and 152 A. L. R. 1030, annotations; American Digest, Master and Servant, Key No. 69.

The following applicable rules seem to be settled by the decisions: (a) The purposes of the wage and hour provisions were (1) to raise substandard wages, (2) to spread employment by placing financial pressure on the employer through the overtime pay requirement, and (3) to compensate employees for the burden of a workweek in excess of the hours fixed in the act (Walling v. Helmerich & Payne (1944) 323 U. S. 37, 89 L. Ed. 1, 65 S. Ct. 11); (b) the act does not prevent an employer from entering into hourly rate contracts with employees under which they are guaranteed the same weekly wages that they received prior to its enactment, so long as the contracts are fairly entered into and are not based on a wholly unrealistic and artificial formula and so long as the new rate equals or exceeds the minimum required by the act (Walling v. A. H. Belo Corp., 316 U. S. 624, 62 S. Ct. 1223, 86 L. Ed. 1716; Walling v. Helmerich & Payne, above); (c) a split-day plan, by which employees are paid a different wage scale for different hours in the day for the same kind of work, one scale for regular work and a lower scale for overtime, constitutes a wholly unrealistic and artificial manner of fixing the wage scale and constitutes an

evasion that is not permissible (Walling v. Helmerich & Payne, above).

Bearing in mind these rules of law, we now consider the contentions of the appellants, which in the main involve procedural questions.

1. There is no merit in plaintiffs' first contention, that the judgment is contrary to law because of the defendant's admission that it was covered by the act and that the plaintiffs had worked overtime the number of hours allowed by them. The plaintiffs overlook the fact that there was a dispute as to whether the regular wage scale was 75 cents per hour for all time worked by plaintiffs.

2. The plaintiffs argue that by proof of the new agreement to discharge the new employees and to restore the old employees, including plaintiffs, to 56 hours per week at a wage scale of 75 cents per hour for the regular time and at 50 cents per hour for the overtime, the defendant was permitted to prove a novation under a general denial and without having specially pleaded a novation. There are two reasons why plaintiffs' position is not well taken.

a. The plaintiffs alleged as a necessary part of their cause of action that the wage scale agreed upon was 75 cents per hour. The general denial put this question in issue, and the plaintiffs had the burden of proving their allegation. Under the general denial, the defendant could introduce evidence tending to controvert what the plaintiffs were bound to prove as a part of their case in chief. Atchison, T. & S. F. R. Co. v. Weaver, 173 Okla. 156, 47 P. 2d 104.

b. Much of the evidence as to the new arrangement went in without objection, and no motion was made to strike such evidence. It is clear that the issue of novation could have been specially pleaded. Plaintiffs sue for overtime accruing after the novation was entered into as claimed by the defendant. Under the circumstances the plaintiffs acquiesced in the admission of such evidence, and the answer will be considered as having been amended to conform to the proof, assuming that novation should have been specially pleaded. R. J. Bearings Corporation v. Warr, 192 Okla. 133, 134 P. 2d 355; Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 121 P. 2d 1004; Gafford v. Davis, 58 Okla. 303, 159 P. 490.

3. There is no merit in the plaintiffs' argument that the evidence as to the existence of a new agreement as to a wage scale was not sufficient to establish the fact. There was positive testimony that Sherrill was present when the new agreement was made and that Ille was advised of it, and that both plaintiffs acquiesced in it and worked under the arrangement, without complaint, for some 32 months. The plaintiffs and other witnesses for them positively denied making any such agreement or any knowledge of it. It was for the jury to resolve the issue, and there being evidence reasonably tending to support the finding of the jury that such an agreement was made, and the trial court having approved the verdict, we are not at liberty to disturb the finding, the case being one of legal cognizance properly triable to a jury. Culver v. Bayliss, 193 Okla. 123, 141 P. 2d 578; Tri-State Casualty Ins. Co. v. McDuff, 192 Okla. 105, 134 P. 2d 342.

4. It is argued that the new agreement relied upon by defendant, even if made, constitutes a subterfuge and a device to avoid the requirement of the act that all overtime must be compensated for at time and a half, and that the employer and employees may not, by agreement, waive this requirement of the law.

It is undoubtedly true that employers and employees may not legally contract against the requirement of time and a half for overtime made by the act. But, they may, in good faith, contract for a regular rate of pay so long as the wages agreed upon are not less than the minimum required by the act. And they may contract for different rates of pay

for different kinds of work so long as the contract is made fairly and without coercion and so long as the regular rates are not computed "in a wholly unrealistic and artificial manner" in order to evade the requirement of the act. Walling v. Helmerich & Payne, above. The plaintiffs do not argue the alleged error of the trial court in refusing their requested instructions, and they did not except to, and do not complain of, the instructions as given. By instruction No. 7, the court told the jury that the act does not "prohibit the defendant herein from paying a different wage rate for different kinds or classes of work." The pleadings did not specifically raise the issue of subterfuge. The trial court did not instruct on the issue of subterfuge, and the plaintiffs asked no instruction on that issue. They introduced no evidence bearing upon the issue of subterfuge, their evidence being to the effect that no such new agreement was made. or that they knew nothing of it. The defendant introduced evidence reasonably tending to establish that plaintiffs and the other employees worked the regular time only as operators and all overtime as repairmen or clean up men. Since the plaintiffs did not raise the issue of subterfuge below by an appropriate requested instruction, they are not in position to urge it here. Shawacre v. Morris, 52 Okla. 142, 152 P. 835; Keahey v. Craig, 186 Okla. 162, 96 P. 2d 521; G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599.

Affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.