OKLAHOMA RAILWAY CO. v. HENTZEN.

No. 33094.   June 1, 1948.

*194 P. 2d 847.*

Richardson, Shartel, Cochran & Pruet and R. C. Jopling, Jr., all of Oklahoma City, for plaintiff in error.

William R. Herring, of Oklahoma City, for defendant in error.

DAVISON, V.C.J.   A. J. Hentzen, as plaintiff, commenced an action to recover $311.40 damages caused to his automobile by the collision with a street car belonging to the Oklahoma Railway Company, a corporation, defendant.   Judgment was for the plaintiff in the amount sued for, and defendant appeals.

In eleven allegations of error defendant presents the single proposition that the trial court erred as a matter of law in overruling its demurrer to the evidence and in refusing to direct a verdict for the defendant at the conclusion of all the evidence.

The evidence discloses that the collision occurred on the east track of the street car line in Oklahoma City at the intersection of Grand avenue and Broadway. Signal lights govern traffic at this intersection. There is a "set back" on Grand avenue at the intersection so that the street car was several feet west of the street intersection with Grand avenue and Broadway at its signal light on Grand avenue. A street car approaching from the west makes a left turn to travel north on Broadway. The automobile was traveling west on Grand. It was struck between the left front fender cap and the rear fender by the nose of the street car.

Plaintiff testified that on the evening of April 9, 1946, at approximately 8 o'clock p.m., he had stopped on a red light on the north side of Grand avenue at the northeast corner of the intersection of Grand and Broadway. The weather was a little hazy and foggy. He was driving a 1942 two-door Pontiac sedan. When the light changed to green he proceeded in an orderly way west across the intersection. When he stopped, at the signal light, prior to crossing the street, he observed a street car of the defendant company stopped on the red light on the south side of Grand at its signal light. He had reached the intersection when he was struck by the street car. He stated that he did not know whether at the time he was struck he was hit from behind or had been hit by a street car.

The driver of the street car testified that he approached the intersection from the west traveling on a green signal light and that as he entered the intersection of Grand and Broadway the signal light turned to amber and that the plaintiff ran his car across the nose of the street car, sustaining the damage in question.

Defendant argues that since plaintiff admits he did not see the street car after it left the signal light, and before the collision, there is no evidence of negligence. Defendant relies upon Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P. 2d 226; White Line Cab & Baggage Co. v. Waterman, 150 Okla. 277, 3 P. 2d 839; St. Louis & S. F. R. Co. v. Copeland, 23 Okla. 837, 102 P. 104, together with several other cases. None of these cases involves collision, or, accidents with street cars and automobiles either at the intersection or otherwise. None of them involves a similar fact situation with the possible exception of White Line Cab & Baggage Co. v. Waterman, supra, in which plaintiff was struck by a cab when he came from between parked cars on a city street. Therein there was no dispute as to the facts as plaintiff's own witness testified to a state of facts which showed that no matter when the driver of the cab attempted to stop his car, plaintiff would have been struck by the cab. The evidence in the case at bar is in irreconcilable conflict as to happening of the accident and according to the evidence of plaintiff he was where he had a right to be and the physical fact that he was in the middle of the intersection when the collision occurred is sufficient to make a prima facie case.

There was no evidence offered of a violation of any ordinance either as to the speed of either the automobile or the street car, or as to the right of way of either the automobile or the street car. Therefore, the general rule is that in the absence of special regulation by statute or ordinance, street cars and automobiles have equal rights at street intersections. Union Traction Co. v. Moneyhun (Ind.) 136 N.E. 18, 28 A.L.R. 211, and annotation commencing at page 217; Bradley v. Minneapolis Street Railway Co., 161 Minn. 322, 201 N.W. 606, 46 A.L.R. 993, and annotations commencing at page 1000; Oklahoma City R. Co. v. Cole, 46 Okla. 753, 149 P. 861; Oklahoma City R. Co. v. Barkett, 30 Okla. 28, 118 P. 350; Oklahoma Union Ry. Co. v. Lynch, 115 Okla. 146, 242 P. 176.

Automobilists and operators of street cars at intersections both use the streets.

with reciprocal obligations under the law to observe the rights of each other and to exercise ordinary care to obviate collisions. Union Traction Co. v. Moneyhun, supra.

A case in point is Reed v. Tacoma Ry. Co., 110 Wash. 334, 188 P. 409, wherein an automobile driven by the plaintiff's daughter collided with a street car at the street intersection. The court stated:

"The rights and obligations of parties situated as these were have often been considered by this as well as other courts. 'These rights are mutual and reciprocal. Each must have a due regard for the rights and safety of the other.' Arpagaus v. Washington Water Power Co., 86 Wash. 83, 149 P. 346. In the last analysis, the rule is one of ordinary care on the part of each under the given circumstances."

In McKeag v. Portland Electric Power Co. (Ore.) 275 P. 667, it is stated:

"The following excerpt from 1 Cyclopedia of Automobile Law, Blashfield, p. 905, is pertinent to the facts shown in this case: 'An automobile driver, seeing a street car coming, is not bound to stop and wait for it to pass under all circumstances. If he may reasonably believe, as an ordinarily prudent person that he can safely cross ahead of a car which he sees to be approaching, it is not negligence for him to attempt to do so; whether he has such reasonable grounds being usually for the jury, depending upon, among other things, the distance the car is from him, and the speed at which it and his machine are running.' See, also, 2 Cyclopedia of Automobile Law, Blashfield, p. 1771, sec. 11."

We are of the opinion and hold that it was a question of fact for the jury to determine whether the plaintiff stopped on the red signal light as testified to and had a right to expect that if the driver of the street car exercised due care plaintiff could cross in safety, or, whether the theory advanced by the defendant was correct and the street car had entered the intersection on a green signal but the light turned amber and plaintiff crossed his path causing the collision.

This court has consistently held that when, in an action at law, the evidence is conflicting, we will not review the evidence to ascertain where the weight of the evidence lies, and if there is evidence reasonably tending to support the verdict, it will not be set aside. Thompson v. Cooper, 192 Okla. 237, 135 P. 2d 49; Oklahoma Union Ry. Co. v. Lynch, supra.

Finding no reversible error, the judgment of the trial court is affirmed.

HURST, C.J., and WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.