STATE ex rel. COM'RS OF LAND OFFICE v. DU BOSE.

No. 33105. Oct. 12, 1948.

*198 P. 2d 646.*

Lonnie L. Corn, Richard A. Jackson, and Floyd Wheeler, all of Oklahoma City, for plaintiff in error.

Kerr, Catlett, Lambert & Conn, of Oklahoma City, for defendant in error.

BAYLESS, J. Parties will be referred to as they appeared in the trial court.

Plaintiff brings this action for the recovery of $19,238.33, plus interest, upon the theory that certain contracts entered into by and between plaintiff and defendant were fraudulently procured by defendant and that defendant was thereby unjustly enriched in that amount.

The State of Oklahoma is the owner of a vast acreage of real estate located in the various counties of the state, which lands are subject to the destructive influence of erosion, and some of the land is in a washed and run down condition. The State Legislature, recognizing the condition of these lands and the obligation of the State of Oklahoma and the Commissioners of the Land Office to protect and preserve them, has from time to time enacted laws having for their purpose the conduct of soil conservation work.

Pursuant to a legislative enactment of the Sixteenth Legislature, the Commissioners of the Land Office created a new department known as "The Soil Conservation Division of the Commissioners of the Land Office," and placed at the head thereof the defendant here-

in, Jim DuBose, at a salary of $250 per month. DuBose is a professional civil engineer and had been in the service of the Commissioners of the Land Office in the capacity of geologist. His duty as head of the newly created department was to supervise the engineering, inspection, surveying and all of the work incident to soil conservation.

Certain legislative enactments of the Seventeenth Legislature made it necessary that the Soil Conservation Division be dispensed with, and the employment of DuBose came to an end.

The Commissioners of the Land Office, being advised that the work formerly handled by the Soil Conservation Division could be done on a contractual basis, entered into five separate contracts with the defendant wherein the defendant agreed to perform certain designated work and was to be paid therefor specified sums. The contracts were drawn by plaintiff all in the same form, which was prepared by plaintiff, each covering a different three-months period and each quoting a sum certain to be paid to the defendant as consideration for the performance of his part of the contract. Plaintiff, at the time contracts were entered into, was in possession of a letter from the office of the Attorney General of the State of Oklahoma suggesting amendments to said form and offering the co-operation of that office in the preparation of a form of contract that would "more clearly express the agreement of the parties and more specifically designate the work to be performed thereunder." And while it isn't clear what action, if any, was taken upon such offer, the following language is utilized in each contract to describe the duties of the defendant thereunder:

" . . . second party shall furnish, at his own expense, such engineering, supervision and inspection as may be necessary for the proper prosecution of the Soil Conservation projects and projects for the repairs to improvements now under way in the counties hereinabove mentioned, together with such other projects as may be under construction during the term of this contract. Second party further agrees to make such preliminary surveys, furnish such maps, prepare such plans and specifications, and furnish such engineering data, all at his own expense, as may be requested by first party, for the guidance of first party in the establishment of such additional projects as may be desired by first party."

Plaintiff contends that the defendant orally agreed to contract on a cost-plus basis, the amount of cost to be ascertained from information furnished by the defendant as to the number of employees necessary, their expenses and costs, including travel, subsistence, insurance, and social security; that defendant's sole consideration, included in said estimates, was to be $250 per month, plus his travel and subsistence expenses; that prior to the execution of each succeeding contract the defendant orally represented to plaintiff that he made no profit on the preceding contract; that the defendant, being an engineer and familiar with the costs involved in such undertakings, submitted to plaintiff an estimate of the cost of each project; that the members of the Commissioners of the Land Office were not trained, skilled engineers and were not conversant with the manner of computing the costs of such a program and it was therefore necessary that they depend upon the honesty of the defendant in computing the costs; that the defendant resorted to fraud in computing the costs and submitted to them estimates in which the costs were much exaggerated; that in this manner the defendant, through his own fraud and deceit, procured the five contracts on which the defendant made a much greater profit than the $250 per month and expenses, as contemplated by plaintiff, and that the defendant was unjustly enriched thereby; and that after said fraud was discovered plaintiff demanded an accounting which the defendant refused to make.

Defendant contends that the written contracts govern the rights of the parties; that he has fully performed his

contractual duties thereunder; that it was not required of him, and he did not at any time, represent to plaintiff that he was not making a profit. He also denies the existence of any agreement to the effect that his consideration was to be the sum of $250 per month, plus travel and subsistence allowance, as contended by plaintiff.

Evidence discloses that plaintiff when operating the conservation program had expended an average sum of $3,659.05 per month for travel and subsistence allowances for those employees then working in the department, and that defendant, although he was able to decrease the cost of this particular item, when working on a contractual basis, carried that amount as a constant figure in his estimates of cost which were furnished to plaintiff.

Defendant testified in effect that when he was head of the department the employees were the patronage of the various Commissioners, and when he requested that they cut down their travel and subsistence expenses, the employees would complain to the Commissioners and the Commissioners would in turn complain to him; but that after he entered into the contracts he required the employees to curtail these expenses and as a result thereof he was able to effect a considerable saving; that this item of expenditure was no greater under the contracts than it had been at the time the program was under the direct supervision of the plaintiff.

The issue of fact thus drawn was submitted to the jury by instructions, to which no objection is made, and the jury returned a verdict in favor of the defendant, from which plaintiff prosecutes this appeal, basing the same upon the proposition that the verdict and judgment are contrary to the evidence and the law.

The question presented by this appeal is: Is there evidence reasonably tending to support the verdict of the jury?

No mention is made in the written contracts between the parties of any arrangement to the effect that defendant was to prepare an estimate of the costs of each project and submit the same to plaintiff. There is nothing in the written contracts between the parties to show said contracts were made on a cost-plus basis. The contracts are simple, unambiguous, direct and to the point, each containing a recitation of the duties to be performed by the defendant and each reciting a sum certain to be paid as consideration therefor. The form for said contracts was prepared by plaintiff and had it been the intention of the parties that the above-mentioned agreements were to constitute a part thereof, it would have been a simple matter to incorporate such provisions therein.

Evidence of the above agreements was admitted not for the purpose of varying the terms of a written instrument, but solely for the purpose of showing, as alleged by plaintiff, that defendant committed fraud in the inducement of the contracts. The fraud complained of then, if any, is contained in one item of the estimate of cost made by defendant. This item is the estimated amount to be paid defendant's employees per month for travel and subsistence. The parties agree that the amount estimated is the exact amount that was paid by plaintiff for that item during the last three months that plaintiff operated the Soil Conservation Division of the School Land Department.

Defendant, although he admits he made such an estimate, denies that such action was required of him as alleged by plaintiff, but, to combat the accusation of fraud, shows that this particular item of expense had been called to the attention of the plaintiff while defendant was in the employ of the Commissioners of the Land Office and that his objections to said item were overridden.

We are unable to conclude that plaintiff's proof shows fraud on the part of

the defendant in the inducement of the contracts.

The controverted facts were submitted to the jury after plaintiff was allowed sufficient latitude and opportunity to prove fraud, and a verdict was returned in favor of the defendant. In the case of Britt v. Doty, 195 Okla. 620, 161 P. 2d 521, we said:

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court the judgment will not be disturbed on appeal."

See, also, Ille v. Travis Oil Corp., 196 Okla. 332, 164 P. 2d 998.

There being evidence reasonably tending to support the verdict, the judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, GIBSON, and LUTTRELL, JJ., concur.