CITY OF OKMULGEE v. SHELTON et al.

No. 34307.   Feb. 5, 1952.

*240 P. 2d 764.*

W. C. Alley, Okmulgee, for plaintiff in error.

E. F. Maley, Okmulgee, for defendants in error.

PER CURIAM.   This suit was for recovery of the rental value of a 40-acre tract of land owned by plaintiff for the years 1946 and 1947.

This property was approximately four miles west of Okmulgee.   In 1926 the city of Okmulgee had constructed a lake from which the city of Okmulgee obtained water.   In order to bring the water to the city of Okmulgee it has constructed a pipe line across plaintiffs' property.   This was laid by virtue of an easement obtained from plaintiffs' predecessors in interest.   The water line was a concrete thirty-six inch (36") diameter pipe, its joints being (12) feet in length.   The joints were not water-tight and were referred to as female joints.   The joints of the water line contracted and expanded with the seasons of the year.   In 1946 and 1947 the line permitted water to escape, sufficient to destroy the value of the land for growing crops.

Plaintiffs' petition asked for $500 in damages.   Defendant answered by way of general denial. The defendant amended its answer and alleged a purported release.   No evidence was offered on this issue.

Plaintiffs had purchased the property in August of 1939.   The pipe line ran completely across the tract and about the center thereof. Attempts were made

to repair the line, but such efforts resulted in only temporary relief. It seemed generally agreed that south of the line water had escaped.

There was conflict in the testimony as to how many acres were damaged and as to whether there was any damage to the north of the water line. The evidence as to the rental value of the land varied from a fairly nominal sum to $12.50 per acre.

There was introduced in evidence an instrument styled "Grant of Right-of-Way." This was executed March 21, 1927. The city of Okmulgee agreed in that instrument to pay any damages that might arise from operating the water line. The easement provided for arbitration. The jury returned a verdict in favor of the plaintiffs for $375 as damages for the years 1946 and 1947.

Defendant first complains that the court committed error in admitting the easement granted to the city of Okmulgee in evidence. The instrument was signed by both parties and it was by virtue of this instrument that the city of Okmulgee was permitted to lay its line on plaintiffs' property.

It was not error to admit in evidence over the city's objections a specific provision of the easement over lands of the plaintiffs in an action by the plaintiffs for damages caused by the city of Okmulgee which came about as a result of the city exercising its rights under such easement even though the easement contained a provision that damages, if any, are to be determined by three disinterested persons; in other words, an arbitration clause, as nowhere in the record does it show that either party at any time tried to avail himself of any right they may have had under the arbitration clause. Neither party at any time sought to have the amount of damages so determined; such failure constituted a waiver of such right. The city of Okmulgee agrees that the plaintiffs could withdraw from the arbitration agreement at any time before the case was submitted for ar-

bitration. No demand was made for arbitration by the city. The plaintiffs filed their suit and caused a summons to issue. This advised the city that the plaintiffs did not wish to take advantage of the arbitration clause.

The defendant's objection was not directed to the arbitration feature of the easement, but a general objection to the entire instrument. Therefore, we do not believe the objection was good. The authority cited by the city of Okmulgee supports this view. The city's authorities support the statement that either of the parties may withdraw from the arbitration agreement before it is submitted to arbitration.

In the case of Rison v. Moon, 91 Va. 384, 22 S. E. 165, cited by the city of Okmulgee, we find the following statement:

"The only remedy for the party aggrieved is by an action for damages growing out of the breach of submission."

The city of Okmulgee next complains that the verdict was excessive, and contends that only 8.1 acres of the land was damaged; that all of the damage was to the south of the water line.

Roger Shelton testified that there was about ten acres on the south side of the line and about ten acres on the north side. Some witnesses testified to a rental value of $12.50 per acre. Photographs were introduced showing large amounts of water upon the property.

The city of Okmulgee introduced a map in evidence and contends that it is an exact measurement and that it must be accepted as true. Nowhere does the record show that this is an exact measurement and undoubtedly the jury was not sufficiently impressed with this exhibit.

This court has held many times that where there is evidence reasonably tending to support the verdict it will not be set aside upon appeal. Oklahoma

24

Ry. Co. v. Hentzen, 200 Okla. 364, 194 P. 2d 847; Cole v. Harvey, 200 Okla. 564, 198 P. 2d 199, and State ex rel. Commissioners of Land Office v. Du Bose, 200 Okla. 596, 198 P. 2d 646.

There being evidence reasonably tending to support the verdict, the judgment is affirmed.

This court acknowledges the services of Attorneys Hughey Baker, W. Valjean Biddison, and Hulette F. Aby, Jr., who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ., concur.

